## 54573. McKENNEY v. SOUTH COBB LIGHTING & SUPPLY COMPANY, INC.

BIRDSONG, Judge.

This is a suit on an open account. Judgment was rendered by a jury for appellee in the amount of $33,638.78.

The facts are as follows: Appellant and appellee began their business relationship in 1967; at that time, the appellant was doing business as an individual; in 1969, appellant informed the appellee that he had a new associate and he wanted the billing of indebtedness to be changed from Terry McKenney to A&M Electric. Appellee testified that appellant assured appellee that he, appellant, would continue to take care of the bills. In 1973, appellant informed appellee that he and his partner were incorporating the business. Appellee testified that he informed the appellant that "the incorporation was all well and good" but there remained an outstanding debt to be satisfied before any change of billing could be made. No change was ever made on the card and the invoices were continually billed to A&M Electric Co. and not to appellant's corporation, A&M Electric Services, Inc. Appellant contends that after incorporation appellant intended to deal with appellee as a corporation and not as an individual or partnership and that only a portion of the debt, $20,210 could be owed by the appellant individually and that $13,428.78 was a corporate debt.

Appellant enumerates as error the following: (1) The verdict of the jury and judgment entered thereon is contrary to the evidence and the law in the case; and (2) the evidence does not support the judgment ordering that appellee recover of the appellant the sum of $33,686.78. *Held:*

Enumeration of error number 1 is without merit.

The record discloses that appellee testified that despite the fact that appellant incorporated his business,

the appellee continued to look to appellant individually for the discharge of his debts. Appellant testified that he transacted business with appellee not as an individual but as a corporation. This conflict in evidence was for the jury, who decided in favor of appellee.

After verdict, evidence is construed in the light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. *Sharp v. Thomas,* 125 Ga. App. 137 (186 SE2d 589); *Taylor v. Roberson,* 127 Ga. App. 23 (192 SE2d 383). Enumeration of error number 2 is likewise without merit.

There is no evidence in the record to indicate that appellee consented in any way to appellant's attempted assignment of liability to the corporation, and without express authority to do so appellant was not personally relieved of liability. *Southern Concrete Co. v. Carter Const. Co.,* 121 Ga. App. 573 (174 SE2d 447).

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

ARGUED OCTOBER 5, 1977 — DECIDED NOVEMBER 2, 1977.

*John L. Coney,* for appellant.
*Gary C. Furin,* for appellee.