## 57859. HILLIARD v. CANTON WHOLESALE COMPANY.

CARLEY, Judge.

The appellant Hilliard, defendant below, an attorney, rendered legal services in connection with the incorporation of Morton's Grocery, Inc., d/b/a Frances Superette, and was a shareholder from its inception. Because of his position as attorney for Roswell Bank, Hilliard became aware that the store originally operated by the corporation was having difficulty in operating and meeting its commitment on a loan with the bank. After investigating the situation, Hilliard took control of the store and was responsible for running it from June, 1976 until May of 1977. In the course of operating the store Hilliard made arrangements with Canton Wholesale Company to purchase wholesale items. Canton brought this suit for open account against Hilliard individually, alleging that he had purchased groceries and other items in the amount of $5,686.77 and had failed to pay for them. In his answer Hilliard asserted that if the suit was proper at all, it should have been filed against Morton's Grocery, Inc., and that he had never contracted to buy goods on credit and, therefore, could not have an open account with Canton. Although the primary question raised by the pleadings was whether Hilliard functioned as an individual or as agent for the corporation, it clearly appears that Hilliard's operation of the store was not as an attorney at law for the bank, the corporation or any other client. The case was tried by a jury which returned a verdict in Canton's favor for the full amount. Hilliard appeals from the order overruling his motion for new trial.

1. The first enumeration of error asserts the "general grounds" of insufficiency of the evidence to support the verdict both as to Hilliard's individual liability and as to the amount of the debt. Hilliard contends that part of the charges arose before he took over operation of the grocery and that additional charges were recorded after he had transferred his entire interest to his brother. However, he admitted on cross examination that the prior owners had not paid their debts and that he was going to "take over." Canton's assistant manager testified

that Hilliard came by the warehouse and told him that "he had just purchased Frances Superette and it had gone way down and that he was going to build it up and make a real good business of it." The account was in the name of Frances Superette. This witness also testified that when he informed Hilliard of the amount owing on the account, Hilliard asked for a few days to check it out and then called back and apologized saying, "[Y]ou are absolutely right, . . . I do owe the amount to the penny . . . and I will pay you." Two salesmen of Canton also testified that they personally received orders from Hilliard and that he did not on any occasion state or imply that he was an agent for Morton's Grocery, Inc., or any other corporation. When Hilliard did not pay the amount allegedly agreed upon or respond to further inquiries on Canton's part, suit was brought.

As noted by the judge during the trial, the resolution of the issues in this case depended upon the original understanding between Hilliard and Canton, and the question of whether credit was given to Hilliard personally was a question of fact to be decided by the jury. *Dickey v. Planes, Inc.,* 138 Ga. App. 99, 100 (225 SE2d 506) (1976). Even though Hilliard paid some bills by signing checks imprinted "Morton's Grocery, Inc.," the evidence was sufficient to support a jury finding that acting in an individual capacity, he had assumed liability for the corporate account. *Cook v. Van Deren Hardware,* 129 Ga. App. 768 (201 SE2d 328) (1973); cf. *Patterson v. Duron Paints of Ga.,* 144 Ga. App. 123, 126 (4) (240 SE2d 603) (1977). "After verdict, evidence is construed in the light most favorable to the prevailing party, for every presumption and inference is in favor of the verdict. [Cits.]" *McKenney v. South Cobb Lighting &c. Co.,* 143 Ga. App. 705, 706 (240 SE2d 175) (1977). The verdict here being supported by the evidence, this enumeration of error is without merit.

2. Hilliard argues that the admission of computer printouts as evidence of his indebtedness to Canton violated the best evidence rule. This contention must be decided adversely to him on the basis of *Cotton v. John W. Eshelman & Sons,* 137 Ga. App. 360, 363 (3) (223 SE2d 757) (1976), where this court held that when the proper

foundation is laid, such accounting records are admissible under Code Ann. § 38-711.

Canton's assistant manager testified that the printout objected to here was one of Canton's accounting statements; that he was familiar with the overall bookkeeping procedure at Canton; that he was also familiar with the bookkeeping procedure at the time period in question; that accounts were one of his responsibilities; that it was a regular part of Canton's business transactions for him to record and keep up with accounts; that he checked the accuracy of the accounts; that the account involved was prepared in the ordinary course of business; that the account was prepared at or near the time the purchases were made; that the account was maintained under his supervision and control; and that the entry was true and correct to the best of his knowledge. This foundation established that the printout was made pursuant to systematic and routine company procedures, which surrounded it with "[a]ll the hallmarks of authenticity" so as to be properly admissible in evidence. *Cotton,* supra, at 364. The trial court properly allowed, over objection, this documentary evidence.

3. In his third enumeration of error, Hilliard complains of the trial court's failure to charge the jury on the "Doctrine of Ratification subsequent to the inception of a relationship." At trial, Hilliard's exception to the charge did not expand upon the "doctrine" to which he referred but simply stated that he "thought it would be appropriate" to charge thereon. Hilliard submitted to the trial court no written request to charge in this connection and, on appeal, cites no authority in his brief. Therefore, we are uncertain as to exactly what language Hilliard contends should have been included in the instructions.

Code Ann. § 70-207 imposes upon a party objecting to the giving or failure to give instructions the duty to object thereto "before the jury returns its verdict, stating distinctly the matter to which he objects and the grounds of his objection." The rationale underlying the re-quirement that the objection be sufficiently specific is to insure that the trial judge is afforded an opportunity to correct any error in the instructions prior to verdict so that the necessity of an appeal will be obviated. *Seagraves*

*v. ABCO Mfg. Co.,* 121 Ga. App. 224, 227 (173 SE2d 416) (1970); *Butts v. Brooks,* 138 Ga. App. 653 (227 SE2d 76) (1976). Since our review of the entire record in conjunction with the argument in Hilliard's brief has failed to reveal clearly the precise nature of the alleged error, it is doubtful that the objection stated complies with the statutory requirement so as to preserve the issue for appellate review.

However, even assuming the objection to be sufficiently stated, we find no error in this regard. Insofar as we can ascertain, the only "Doctrine of Ratification" in the law of agency applies to a principal who by acquiescence or acceptance of the acts of an agent is deemed to ratify the agent's conduct so that liability will attach to the principal to the same extent as if the acts of the agent had been originally authorized. Code Ann. § 4-303. See, e.g., *Bush v. Fourcher,* 3 Ga. App. 43, 49 (5) (59 SE 459) (1907). Therefore, this "doctrine" would not be supportive of Hilliard's contention that a third person (Canton) "ratified" Hilliard's status in dealings with Canton as being that of an agent as opposed to that of an individual.

"Whether or not the fact of the agency and identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence." *Fletcher Emerson &c. Co. v. Davis,* 134 Ga. App. 699, 700 (215 SE2d 725) (1975). We have examined the trial court's charge with regard to this issue and find it to be sufficient to fully apprise the jury of the law applicable to the contentions of the parties as developed by the evidence.

Under this same enumeration of error, Hilliard refers again to the payments to Canton by checks bearing the name of "Morton's Grocery, Inc." and argues that the trial court failed to instruct the jury that it could hold Morton's Grocery, Inc., liable in lieu of Hilliard as an individual. This assertion is meritless since Morton's Grocery, Inc., was not a party to this litigation and could not have been found liable to Canton.

4. Hilliard also asserts that the trial court erred in charging on the doctrine of account stated and in instructing the jury that acquiescence by the debtor is a

material element thereof.

The charge as given was as follows:

"Now, an account stated — and that is what they sued on here. Underlying any account stated, of course, is if the features of a contract as I have given to you is an agreement to pay a balance found by computation to be due from previous monetary transactions between the parties creating the realm of debtor and creditor — in this case, of course, they have alleged that Mr. Hilliard, as an individual, created the position of debtor and that they, of course, are the creditor — there must be a promise by the debtor to the creditor to pay the sum so fixed by agreement. The promise of the creditor will be implied from the debtor's conduct as where, after submission of an account stating a balance due, the debtor retains the account without objection for an unreasonable time, and in this case, their allegation is here that there were communications orally by phone as to an account and that they reached a stated account; and those are the contentions of the parties.

"Where the parties have a series of transactions constituting a running account between them with goods sold and payment on account made, the usual method is for one or the other of the parties to mail a written statement of debits and the computed balance. The acceptance of such statement without objection constitutes the necessary assent and promise of payment.

"Now, this statement that I have given you would not exclude a telephone communication or any other communication by which it was brought to the knowledge of both parties and an account was struck between them."

These instructions include all the necessary elements required by *Lawson v. Dixie Feed & Seed Co.,* 112 Ga. App. 562, 563 (2) (145 SE2d 820) (1965): that there be evidence of an agreement between the debtor and the creditor as to the amount of the debt and a promise by the debtor to pay the sum so fixed in order to convert an open account into an account stated. While Hilliard is correct in his assertion that the failure to object to an account stated does not require, as a matter of law, the finding of an agreement that the account was correct, such failure does authorize a jury to infer that an agreement

was implied. *Borders v. Gay,* 6 Ga. App. 734, 735 (65 SE 788) (1909). This was adequately explained so as not to mislead or confuse the jury by the charge as given, and the evidence of an oral agreement to pay and an oral agreement of the amount due was sufficient to support the verdict reached. Cf. *Fowler v. Gorrell,* 148 Ga. App. 573, 575 (1(b)) (251 SE2d 819) (1978). Therefore, any portions of the charge which standing alone may have been irrelevant to the issues involved or imperfectly stated were harmless error for which a new trial will not be granted. *Hogan v. City-County Hospital of LaGrange,* 138 Ga. App. 906, 910 (4) (227 SE2d 796) (1976). This enumeration of error is also without merit.

*Judgment affirmed. Deen, C. J., and Shulman, J., concur.*

SUBMITTED MAY 8, 1979 — DECIDED SEPTEMBER 5, 1979.

*Larry R. Wight,* for appellant.
*William G. Hasty, Jr.,* for appellee.