73265. THE KRYSTAL COMPANY v. CARTER.
(350 SE2d 306)

DEEN, Presiding Judge.

Appellee Carter brought an action in trespass against appellant Krystal, alleging that contractors engaged in leveling land preparatory to construction of a Krystal restaurant were impermissibly dumping fill on the adjacent portion of his acreage and covering the road providing the sole access to the rear of his property. Upon first observing the allegedly impermissible activity, Carter had orally demanded that the land be vacated, but was informed that the work was being done pursuant to an easement. Carter denied the existence of any such easement and had his attorney serve upon Krystal's attorneys a written demand that the activity cease. According to Carter, a representative of Krystal called upon him and assured him that the road would be replaced to his satisfaction and that the contractor would be in

touch with him to make arrangements for the replacement; Carter further stated that the challenged activity continued unabated and that no one got in touch with him concerning the road.

Both Carter's land and Krystal's had at one time been a single tract, and the chain of title for both parcels was traceable to the same grantor. Krystal had acquired the property from Texaco, in favor of whom the earlier owner/grantor of both parcels had granted a slope easement or license to allow the filling of a limited portion of what was later Carter's land, so as to provide lateral support to the Texaco property.[1] The record includes a deed from Texaco to its successor in title, showing an express disclaimer of warranty of the easement.

When Krystal's attorneys informed Carter's attorney that Krystal would continue to exercise its alleged right to fill, Carter filed the action below.[2] He alleged not only the trespass but that the purported replacement of the road actually amounted to nothing but the dumping of loose, uncompacted dirt, which was difficult to drive upon even in dry weather and "mired up" badly when it rained; and that, consequently, as a practical matter the "replacement road" was of little use as access to and from the rear portion of his acreage. He further alleged that the purported slope easement was a license or personal covenant and did not run with the land.

Krystal failed to file a timely answer and went into default. Krystal subsequently paid the costs and moved to open the default, but the motion was denied. Krystal was thus deemed to have admitted every allegation of the complaint, OCGA § 9-11-55, and the case proceeded to trial on the issues of compensatory and punitive damages only, with appellant contesting the appropriateness of punitive damages. At trial appellee testified that the portion of the land covered by the fill provided the sole existing access (and the sole economically feasible possible access) to the rear of the property and was necessary both for use in his present business and for possible future development; and that for this reason, and on the basis of the sale prices of neighboring comparable property, he considered the land to be worth approximately $200,000. Appellant sought to introduce as evidence in mitigation of punitive damages the existence of an easement as a covenant running with the land; the court disallowed such evidence on the basis that it necessarily went to the issue of liability (which, by defaulting, appellant was estopped to contest), as well as of punitive damages.

---

[1] There appears from the record to have been an intermediate owner. This fact plays no part in the case *sub judice*, however.

[2] Carter originally named the contractor and a sub-contractor as co-defendants with Krystal. He subsequently dismissed the action against these two co-defendants, and neither is a party to this appeal.

A Catoosa County jury found for appellee Carter, awarding $5,000 in compensatory damages and $20,000 in punitive damages. On appeal Krystal enumerates as error the trial court's refusal to give a certain jury instruction; the introduction of evidence concerning the amount of title insurance on the Krystal property; and the refusal of the trial court to allow the introduction of evidence regarding appellee's knowledge *vel non* of the existence of a slope easement and other evidence of the purported easement in mitigation of punitive damages. *Held*:

1. Examination of the record indicates that the requested jury instruction which the court declined to give was not a correct statement of the law as adjusted to the facts of this particular case. Therefore, the court properly omitted the requested instruction from his charge to the jury, and this enumeration is without merit. *Georgia Farm &c. Ins. Co. v. Burton*, 176 Ga. App. 729 (337 SE2d 455) (1985).

2. The fact that there was insurance covering title to the subject property was introduced by the appellant; thereby the door was opened to cross-examination regarding the insurance. Moreover, there was testimony by appellee that the value of the land allegedly wrongfully filled by appellant was about $200,000. In this context, testimony that appellant's title to its own land was insured for $150,000 could hardly have been prejudicial to appellant even if, *arguendo*, its admission was error. The verdict awarded appellee a total of $25,000 in damages — $5,000 in compensatory damages and $20,000 as punitive damages. The relatively modest size of the judgment suggests that, in determining the appropriate amount of damages, the jurors were not swayed by testimony regarding the amount of insurance available to Krystal. This enumeration is also without merit.

3. The trial court correctly refused appellant permission to question plaintiff/appellee concerning whether he knew that an easement had allegedly existed on the affected property, and also correctly refused to permit appellant to attempt to mitigate punitive damages by presenting evidence concerning the alleged existence of such an easement. Although such evidence might have affected the amount of punitive damages assessed, it also bore upon the right of recovery, which had already been established by the *factum* of the default. OCGA § 9-11-55 (a); see also OCGA § 51-12-5; *Westview Cemetery v. Blanchard*, 234 Ga. 540 (216 SE2d 776) (1975). In this procedural situation, appellant is precluded from offering evidence which, although otherwise proper, would tend to contest the right of recovery. *Whitby v. Maloy*, 150 Ga. App. 575 (258 SE2d 181) (1979); *Lee v. Morrison*, 138 Ga. App. 332 (226 SE2d 124) (1976). Appellant's third and fourth enumerations of error are without merit.

*Judgment affirmed. Benham and Beasley, JJ., concur.*

*Christopher A. Townley*, for appellant.
*Ross L. Hatcher III*, for appellee.