## 76657. FULTON COUNTY HOSPITAL AUTHORITY v. HYMAN et al.
### (376 SE2d 689)

DEEN, Presiding Judge.

On May 21, 1982, appellee Jared Hyman, an infant represented by his father, appellee Steven Hyman, cut his left thumb and was taken by his parents, appellees Steven and Robin Hyman, to Northside Hospital's emergency room for treatment. The wound was cleaned, dressed, and bandaged and the baby dismissed with instructions for care of the wound and the suggestion that he be taken to see his pediatrician in a few days for follow-up care. He was taken to his regular pediatrician five days later, on May 27, 1982, and on the following day the parents noted that the thumb appeared worse and was apparently causing the child pain. The parents took Jared back to the pediatrician's office, whence he was referred to Scottish Rite Children's Hospital. He was hospitalized briefly, discharged, and then hospitalized again after four days. Shortly thereafter, the upper part of the distal (outer) joint of the thumb was surgically removed, this being done at Scottish Rite on an out-patient basis. Jared was further seen by, and his parents consulted with, specialists in pediatric surgery and hand surgery. The parents sought to obtain disability ratings and prognoses as to the likelihood of the necessity for further surgical or other treatment aimed at giving Jared more nearly normal use of the thumb and hand during childhood and youth and as an adult.

On January 31, 1983, the Hymans instituted an action against Northside Hospital. Northside answered and served interrogatories upon the plaintiffs. After three months defendant Northside filed a motion to compel discovery, later filing a motion to dismiss for failure to complete discovery. Plaintiffs then voluntarily dismissed the complaint without prejudice, but almost exactly six months later, on July 6, 1984, refiled. Process was left with a secretary who apparently did not transmit the papers either to her supervisor or to the hospital's insurer in a timely manner, with the result that Northside's answer was untimely and the case went into default. Northside sought to open the default on the basis of insufficiency of service, contending

that the secretary was not an agent authorized to receive process. The trial court declined to open the default, and the case proceeded to trial, judgment being rendered in favor of appellees in March 1987. In the meanwhile, there had been a mistrial and a protracted contretemps regarding completion of discovery.

Before commencement of the trial the court instructed defense counsel that evidence tending to establish comparative or contributory negligence would be inadmissible, even if such evidence also had a bearing upon the measure of damages. A Fulton County jury awarded Mr. and Mrs. Hyman damages in the amount of $4,200 (the approximate amount of unreimbursed medical expenses), plus interest and costs; Jared Hyman received $118,000 for pain and suffering, plus interest and costs. On appeal Northside Hospital enumerates as error (1) the trial court's entry of default judgment when service had allegedly been insufficient; (2) the trial court's refusal to open default; (3) the denial of appellant's motion to dismiss the complaint for alleged willful failure to make discovery; (4), (5), and (6), certain evidentiary rulings regarding the use of expert testimony; and (7) the exclusion of evidence regarding allegedly inadequate home care of the wound on the ground that this evidence would tend to establish contributory or comparative negligence. *Held*:

1. It is undisputed that appellant did not file a timely response to the complaint. Appellant at no time made any affirmative showing that the secretary served was *not* an authorized agent for service of process. Cf. *Southwest Community Hosp. &c. v. Thompson*, 165 Ga. App. 442, 444 (301 SE2d 501) (1983). Therefore, the trial court properly ruled that service was sufficient. As to the trial court's refusal to open the default resulting from the untimely filing of the response, "It is not arguable as a proposition of law that the decision whether to open a default judgment falls squarely within the discretionary powers of the trial court granting or denying the same. The exercise of this discretionary power should not excite interference by a reviewing court unless the trial court manifestly abuses the discretion vested within it." *United States Elevator Corp. v. Smyrna Hosp.*, 182 Ga. App. 886, 887 (357 SE2d 322) (1987). Appellant's first two enumerations are without merit.

2. Appellant argues persuasively that its motion to dismiss the action because of appellees' allegedly unwarranted delay in answering its interrogatories should have been granted. There being no transcript of any hearing that might have been held on this motion, however, we can only presume that the trial court proceeded correctly in arriving at its ruling on the motion. *Burgess v. Jones*, 158 Ga. App. 826 (282 SE2d 399) (1981). Moreover, even if, *arguendo*, such ruling were error, it must be shown to be harmful in order to justify reversal of the judgment. *Jackson v. Kight & Sons*, 159 Ga. 584 (126 SE 379)

(1924). Since in the instant case the court ruled that only those questions pertaining to the measure of damages should be answered by appellees, appellants have shown no prejudice ensuing from appellees' failure to make a timely filing of the answers to the interrogatories. Examination of the record reveals that two of the twelve interrogatories filed pertained only to the issue of liability, which appellant was precluded by the default judgment from pursuing, and that the other interrogatories sought information which was largely, if not wholly, either already within appellant's knowledge or readily available from other sources. We find no reversible error here.

3. Our examination of the record, including the trial transcript and the depositions, reveals no impropriety in the presentation of expert testimony. We therefore find appellant's fourth, fifth, and sixth enumerations to be devoid of merit.

4. Georgia law is clear that, once liability has been established, evidence which is proffered for the purpose of establishing the appropriate amount of damages, but which at the same time tends to suggest comparative or contributory negligence on the part of the plaintiff, is inadmissible. *Krystal Co. v. Carter*, 180 Ga. App. 667, 669 (350 SE2d 306) (1986); *Whitby v. Maloy*, 150 Ga. App. 575 (258 SE2d 181) (1979); *Flanders v. Hill Aircraft & Leasing Corp.*, 137 Ga. App. 286 (223 SE2d 482) (1976). Appellant contends that this rule is inapplicable in personal injury cases; he cites no authority for this contention, however. We find no such authority to be cited; indeed, in *Southwest Community Hosp. &c. v. Thompson*, supra, a personal injury case, this court held at 443: "Due to its default, defendant is in a position of having admitted each and every material allegation of the plaintiff's complaint except as to the amount of damages suffered by plaintiff [Cits.] The element of proximate cause, as well as negligence, having been alleged in plaintiff's complaint is admitted due to the default of defendant and requires no further proof." This enumeration, too, is without merit.

*Judgment affirmed. Sognier, J., concurs. Carley, J., concurs in Divisions 2 and 3 and in the judgment.*

DECIDED SEPTEMBER 19, 1988 —
REHEARING DENIED DECEMBER 13, 1988 —

*Allen & Ballard, Hunter S. Allen, Jr., Dennis A. Elisco,* for appellant.

*Goldstein & Schatten, Lee S. Goldstein,* for appellees.