## A90A1205. WEST v. NODVIN.
(397 SE2d 567)

BIRDSONG, Judge.

Appellant, Thomas B. West, appeals the order of the trial court granting judgment to appellee, Marvin P. Nodvin, "upon a jury verdict along with all orders granted prior thereto."

Both appellant and appellee are attorneys. This suit was filed on August 15, 1984, in two counts, one in contract and one in tort (fraud); the complaint was subsequently amended to pray inter alia for punitive damages in the amount of "not less than $25,000."

This suit in essence was based on averments that appellant contracted, with intent to defraud, for certain legal services of an original value of $983.70 and thereafter did not pay for them. Pretrial discovery procedures in this case were conducted in such a manner that the appellee moved for sanctions against appellant under the provisions of OCGA § 9-11-37 (d). On November 17, 1986, the trial court entered an order finding that appellant wilfully failed to appear in the taking of his deposition, awarded attorney fees and costs to appellee in the amount of $2,092, and ordered appellant to give his deposition instanter. In December 1987, appellee moved for sanctions against appellant asserting inter alia that appellant had "wilfully fil[ed] evasive and untrue pleadings, wilfully fil[ed] evasive and false responses to interrogatories and request for production, and wilfully fail[ed] to provide discovery." By order of June 8, 1988, filed June 12, 1988, the trial court awarded appellee's attorney $600 in attorney fees for bringing the motion. On June 1, 1988, co-counsel for appellee took appellant's deposition. On June 9, 1988, appellee again moved for sanctions against appellant, under OCGA § 9-11-37, requesting inter alia that the appellant's answer be stricken, that he be declared in default, and that judgment be rendered against him where appropriate for appellant's wilful failure to obey the court's order of April 8, 1988, particularly by not making payment of attorney fees as ordered. The trial court, as admitted in judicio in the briefs of both appellant and appellee, subsequently ordered that appellant's answer be stricken and that appellant be declared in default.

The trial court, upon timely motion by appellee, entered a directed verdict against appellant for $4,295.41 principal and interest and for $8,803 attorney fees. The jury returned a verdict for $72,000 in punitive damages against appellant. Judgment was entered accordingly. *Held*:

1. Appellee's motion for damages for frivolous appeal is denied.

2. Appellant asserts that the trial court erred in granting appellee's motion to quash appellant's notice to produce and appellee's motion in limine.

(a) The only notice to produce filed by appellant that has been

adequately identified within the record of trial is a notice to produce served by mailing on October 12, 1989. This notice includes inter alia a request for "[a]ny business books and records" of appellant or his firm and all other related entities where appellant practiced law during the time when he represented appellee, "which reflect payments received for legal services rendered to [appellant] or to any corporation in which [appellant] had an ownership interest. . . ."

Appellee asserts that this notice is so broad and harassing in nature as to require that it be quashed. In its motion to quash appellee asserted the following ground: "Defendant is in default, there is no issue as to the amount of the contractual indebtedness from the [d]efendant to the [p]laintiff, and the documents requested are irrelevant and immaterial and are not admissible."

Appellant's notice to produce is so broad in scope that if granted it would potentially necessitate the search for and the production of books and records neither relevant nor in any manner relating to the case sub judice. Moreover, "Georgia law is clear that, once liability has been established [as in this case], evidence which is proffered for the purpose of establishing the appropriate amount of damages, but which at the same time tends to suggest comparative or contributory negligence [or would otherwise tend to contest the right of recovery] on the part of the plaintiff, is inadmissible. [Cits.]" *Fulton County Hosp. Auth. v. Hyman*, 189 Ga. App. 613, 615 (4) (376 SE2d 689); compare *Krystal Co. v. Carter*, 180 Ga. App. 667, 669 (350 SE2d 306). Appellant's notice to produce is so broad it includes a request for the production of documents inadmissible in evidence under the rationale of *Fulton County Hosp. Auth.* and *Krystal Co.*

As our courts have long held, "[e]ven if *some* of these [requested documents] may have been relevant . . . no court should impose upon the opposite party the onerous task of producing great quantities of records which have no relevancy. The notice should be specific enough in its demands to relate the documents sought to the questions at issue." *Horton v. Huiet*, 113 Ga. App. 166, 169 (1) (147 SE2d 669); compare *Master Mtg. Corp. v. Craven*, 127 Ga. App. 367 (2) (193 SE2d 567). Appellant's notice of production is not specific within the meaning of *Horton*, and accordingly, the trial court did not abuse its discretion in denial of the order to produce. A correct ruling of the trial court will not be reversed regardless of the reason given therefor. *National Consultants v. Burt*, 186 Ga. App. 27, 33 (366 SE2d 344), writ vacated, 258 Ga. 645 (374 SE2d 532).

(b) During the hearing on the motion to quash, appellee made an oral motion seeking "an order in limine against [appellant's] introduction of any documents." The record reflects that on the day of trial appellant attempted to tender four statements of account from appellee's office; upon certain of these statements, appellant West had

made a handwritten notation that the obligation had been paid, stating the payment date, and a check number. The trial court ruled these documents would be excluded because of the lateness of their production and because the notations thereon were self-serving.

Appellant cites us to no express ruling by the trial court granting appellee's oral motion in limine. "It is not the function of this court to cull the record on behalf of a party in search of instances of error." *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (386 SE2d 709). "This court can not read every line of the record and transcript to hunt for error." *Benefield v. Benefield*, 224 Ga. 208, 209 (5) (160 SE2d 895).

Moreover, the trial court did not err in refusing to admit the statements in question for several reasons. Those statements bearing the notation of appellant that the bill had been paid would be inadmissible under the rule of *Krystal Co.*, supra; and we agree with the trial court that they are self-serving. Assuming arguendo the statements were relevant for any purpose, a trial judge may exercise his discretion in excluding relevant evidence if he finds that its probative value is substantially outweighed by the risk that its admission will create substantial danger of undue prejudice or of misleading the jury. *Friedman v. Friedman*, 259 Ga. 530, 532 (3) (384 SE2d 641). Thirdly, as a general rule, admission of evidence is a matter which rests largely within the sound discretion of the trial court and an appellate court will not interfere with its rulings absent abuse of that discretion. *Whisnant v. State*, 178 Ga. App. 742 (1) (344 SE2d 536). We find that, under the circumstances of this case, the trial court did not abuse its discretion in refusing to admit documents which purportedly had been discovered and made available only on the day of trial.

3. Appellant asserts in his third and fourth enumerations of error that the trial court committed reversible error in admitting certain evidence of "stubborn litigiousness" and of other transactions. We disagree.

(a) Appellant refers to evidence, concerning his conduct and demeanor, introduced during the taking of his deposition. The record reflects that his objection to the admission of this particular evidence at this particular point in time was sustained. Subsequently, in an attempt to impeach appellant's testimony to the effect he was not abusive during this litigation, appellant was asked whether during the taking of his deposition he had responded to appellee's co-counsel by saying, "Jesus Christ! Bitch!" Appellant made no timely objection to this procedure. On appeal only those issues properly raised before the trial court will be considered. *Department of Transp. v. Hillside Motors*, 192 Ga. App. 637, 638 (1) (385 SE2d 746).

(b) Regarding the remaining incidents where evidence of "stub-

born litigiousness" was admitted, appellant in essence asserts that his "liability for stubborn litigiousness was deemed admitted and was not an issue. The only evidence that would have been properly admitted on Count I was the *amount* of attorney's fees." Pretermitting the question of whether the evidence could properly have been admitted as being relevant to establish appellant's stubborn litigiousness for purposes of award of attorney fees is the issue of whether it was relevant to establish the *amount* of attorney fees to be awarded. We hold that it is. The trial court could consider the type and nature of appellant's acts of stubborn litigiousness in determining whether the *amount* of attorney fees claimed was excessive. Acts of stubborn litigiousness have some relevancy in supporting an attorney's claims both as to the number and type of billable hours spent upon a case. Unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, "[t]he Georgia rule favors the admission of any relevant evidence, no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jurors. Where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citations and punctuation omitted.) *Department of Transp. v. Swanson*, 191 Ga. App. 752, 754 (3) (382 SE2d 711). Moreover, considering the posture of the record, we are satisfied to the extent, if any, that any evidence of "stubborn litigiousness" either was not relevant as to matters in issue or was not admissible for purposes of impeachment (see generally OCGA § 24-9-82), the introduction of such evidence was harmless within the meaning of OCGA § 9-11-61.

(c) Appellant testified that "I pay all my bills." The trial court did not err in admitting in evidence a number of tax fi. fas. to impeach the asserted fact that appellant paid all his bills. OCGA § 24-9-82.

(d) "It is well settled that motive and intent may be shown by conduct in other transactions of a similar nature to that under investigation." *Terry v. Fickett*, 199 Ga. 30, 38 (8) (33 SE2d 163); Green, Ga. Law of Evidence (3d ed.), Relevancy, § 68. Such evidence also is admissible to show malice (*Worn v. Warren*, 191 Ga. App. 448 (1) (382 SE2d 112)) and good faith or bad faith (*Tapley v. Youmans*, 95 Ga. App. 161, 175 (97 SE2d 365)); and, it is admissible when it provides probative evidence of wilful misconduct, fraud, wantonness, oppression, or a course or pattern of conduct which would raise the presumption of conscious indifference to consequences. " 'Evidence of other transactions or occurrences is admissible if it is relevant to the particular instance and does not place too great a danger of undue consumption of time, confusion of issues, undue prejudice or unfair surprise.' " *Worn*, supra. The evidence of appellant's other allegedly

fraudulent or similarly related conduct was relevant in this particular case, to show wilful misconduct, motive, fraud, oppression, or conduct evidencing an entire want of care evidencing conscious indifference to consequences; and as such would be relevant regarding the *amount* of punitive damages, if any, to be awarded. See *Jackson v. Co-op Cab Co.*, 102 Ga. App. 688, 692 (3) (117 SE2d 627); see also OCGA § 51-12-5.

The trial court did not abuse its discretion in admitting the evidence in question; moreover, the admission in evidence inherently contained the ruling of the trial court that any danger of undue consumption of time, confusion of issues, undue prejudice, or unfair surprise did not substantially outweigh the probative value of the testimony. Accordingly, we will not interfere with the ruling of the trial court's admission of this evidence of similar transactions. *Whisnant*, supra.

(e) Appellant in essence asserts that it was fundamentally unfair to him to have precluded him from introducing documentary evidence in his behalf when "the trial court gave [appellee] a virtual field day" in introducing evidence. Suffice it to say that "[o]ne cannot complain of a judgment, order, or ruling that his own procedure or conduct aided in causing." *Rush v. Southern Prop. Mgmt.*, 121 Ga. App. 360, 361 (2) (a) (173 SE2d 744). Appellant's second and third enumerations of error are without merit.

4. Appellant asserts that the trial court "erred and abused its discretion in entering an amended judgment, *ex parte*, purporting to award both *ex contractu* damages and *ex delicto* damages after having granted appellee's motion for directed verdict which could only have been granted with respect to liquidated, *ex contractu* damages."

(a) At the onset, we note that this court cannot consider factual representations contained in appellate briefs when such evidence does not appear on the record. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223).

The record fails to establish that the trial court entered an amended judgment, ex parte. In the resolution of this issue, we cannot consider the documents attached to the appellee's brief, because a brief or attachments thereto cannot be used to add evidence to the record. *Cotton States Mut. Ins. Co. v. Bogan*, 194 Ga. App. 824, 826 (392 SE2d 33).

Appellant cites this court to the judgment at page 394 of the trial record, as evidence that appellee presented the court with the typewritten order on an ex parte basis and thereby deprived appellant of his opportunity to object or to raise various issues on appeal in support of this enumeration of error. The judgment *on its face* does not establish any of the assertions contained in the enumerations of error, particularly the assertion that damages both ex contractu and ex

delicto were being awarded. Rather, the judgment reflects that there was a prior judgment entered upon verdict which failed to reflect that appellee did "after the verdict, and upon the presentation of the original . . . judgment, *elect* [as a remedy] to recover upon the fraud claim in accordance with the jury verdict." (Emphasis supplied.) Moreover, in the absence of a showing that the procedure caused specific prejudice to an appellant, an election of remedies that occurs even after judgment is rendered will not result in reversible error. See *All Risk Ins. Agency v. Belk*, 191 Ga. App. 576 (1) (382 SE2d 361).

Appellant refers to a certain handwritten judgment in his brief that is not contained in the record. Suffice it to say it is the appellant's responsibility to prove both harm and error (*Baker v. Baker*, 194 Ga. App. 477, 480 (390 SE2d 892)), and we cannot presume error from the absence of the original judgment in the record.

(b) Appellant asserts numerous matters in its brief which are not reasonably contained within this or any other enumeration of error. These matters will not be considered on appeal. "An enumeration of error cannot be enlarged at the appellate level by statements in the briefs of counsel to include issues not made in the enumeration. . . . One cannot expand the scope of review or supply additional issues through a process of switching, shifting, and mending your hold." (Citations and punctuation omitted.) *City of College Park v. Ga. Power Co.*, 188 Ga. App. 223, 224 (372 SE2d 493).

(c) Appellant's fourth enumeration unequivocally asserts at least two separate and distinct errors. First, appellant has asserted that the amended judgment was entered ex parte. This error we have addressed above. Secondly, he asserts the judgment purports to be an award of both ex contractu damages and ex delicto damages when appellee's motion for directed verdict could only have been granted with respect to liquidated ex contractu damages. This court has long recognized that OCGA § 5-6-40 requires that an enumeration of errors "shall set out separately each error relied upon." The unauthorized practice of lumping more than one assertion of error within a single enumeration creates a fair risk that ambiguity, misdirection, or confusion as to the errors asserted will occur, thereby giving rise to an increased likelihood of generating inadvertent appellate error. Such practice also may result in unnecessary appellate delay. Therefore for the purpose of protecting our judgments on appellate review (see generally Ga. Const., Art. VI, Sec. I, Par. IV) this court, in the exercise of our sound discretion, may elect to review any one or more of the several assertions of error contained within a single enumeration and to treat the remaining assertions of error therein as abandoned.

Pursuant to Ga. Const., Art. VI, Sec. I, Par. IV and OCGA § 5-6-40, we elect to treat all enumerations of error contained in appellant's fourth enumeration of error as abandoned, except for the ex parte

judgment issue above addressed.

In any event appellant's assertion in this enumeration that the motion for directed verdict could only have been granted properly with respect to liquidated ex contractu damages in this instance also is without merit. Appellee's complaint averred in its tort count that "[p]laintiff has been damaged in the amount of $983.70, together with interest at one and one-half percent per month from July 30, 1981 until paid." This amount of damage averred in the ex delicto claim is identical to the indebtedness averred under the ex contractu claim in the complaint. Moreover, appellee testified as to the amount of the initial bill and the pertinent interest rate, and that the bill had not been paid. Appellant made an admission at trial that he knew of "no reason why [the bill] should not have been paid." A claim is liquidated when it is for an amount certain and fixed. *Arora v. Thakrar,* 187 Ga. App. 170 (369 SE2d 524); Cobb & Eldridge, Ga. Law of Damages (2d ed.), § 5-1. Appellant's liability was not in issue because the sanctions imposed against him resulted in default. The trial court directed a verdict for appellee for $4,295.41 principal and interest and $8,803 attorney fees. "A directed verdict is demanded when there is no conflict in the evidence as to any material issue and a particular verdict is demanded as a matter of law." *St. Paul Fire &c. Ins. Co. v. Ga. Interstate Elec. Co.,* 187 Ga. App. 579 (370 SE2d 829). "Where the amount of damages recoverable appears from the undisputed evidence to be certain, it is proper for the court to direct the verdict." Cobb & Eldridge, supra at § 11-31. We are satisfied in view of the evidence of record and the effect of appellant's default that the trial court did not err in directing a verdict for appellee as above indicated.

Further, the $4,295.41 amount was not limited in application to the ex contractu claim. It may be inferred from the wording of the directed verdict and the conduct of the parties that the $4,295.41 amount represented an award applicable to both the indebtedness under the ex contractu claim and to the damages under the ex delicto claim. Assuming arguendo, the directed verdict was ambiguous and susceptible of two constructions, one of which would uphold the judgment of the trial court and one which would not, that construction which would uphold both the verdict and judgment is to be applied. See *Department of Transp. v. Hillside Motors,* supra at 640; *Haughton v. Judsen,* 116 Ga. App. 308, 310 (157 SE2d 297). It is clear from their conduct at trial that the parties and court considered the $4,295.41 principal and interest award contained in the directed verdict to apply to both the ex contractu and the ex delicto claims. Particularly, following the granting of directed verdict, the trial court inquired whether the only issue to be sent to the jury would be that of punitive damages, and appellant responded: "That's correct." Inherent in this response is the contention that all other issues were re-

solved. A party cannot subsequently complain of a judgment that his own conduct aided in causing. *Rush v. Southern Prop. &c.*, supra.

5. Appellant asserts that the trial court erred in entering a judgment on an excessive verdict for punitive damages for $72,000 when the amount of punitive damages sought in the complaint was $25,000.

Appellant cites several cases which hold that a default judgment may not exceed the amount prayed for in the demand for judgment. This is, of course, a correct statement of law. OCGA § 9-11-54 (c) (1). In this instance, however, the record conclusively reflects that appellee's amended complaint expressly prayed for punitive damages "in the amount of *not less than* $25,000.00." (Emphasis supplied.) Accordingly, the amount of punitive damages awarded did not exceed the amount prayed for by appellee, and appellant's enumeration of error is without merit.

Moreover, we find the award of punitive damages in light of the evidence of record, which included volunteered testimony by appellant regarding an escrow established on behalf of appellee from appellant's recent sale of 159 acres of land at $15,000 an acre with "one-third" down and the balance due within the next two years, was not so excessive as to " 'shock the judicial conscience,' " and allow this court to set aside the award. *Hospital Auth. of Gwinnett County v. Jones*, 259 Ga. 759, 766 (386 SE2d 120).

*Judgment affirmed. Banke, P. J., and Cooper, J., concur.*

DECIDED SEPTEMBER 10, 1990.

*Theodore L. Marcus*, for appellant.
*Richard A. Gordon*, for appellee.
*Marvin P. Nodvin*, pro se.