### A92A1659. BENTON v. CHATHAM COUNTY.
(425 SE2d 317)

BIRDSONG, Presiding Judge.

This is an appeal from the judgment of the superior court entered pursuant to a jury verdict in favor of appellant/condemnee, and from the order denying appellant's motion for new trial.

This case involves a partial taking of .544 acres (or 1,744.36 linear feet) of the front strip of certain property abutting a highway for public road purposes. Although in conflict, the evidence reflects that the remainder of the property is a large parcel of land of either 112 or 123 acres. It is undisputed that, before taking, the highest and best use of the property was commercial. Appellant argues that after acquisition, because of an alleged substantial taking of the right of access to the remainder of the property, the highest and best use of the remainder was changed from commercial to use of the house and certain of the land for a rural residence and the rest thereof for limited agricultural purposes. Appellee/condemnor offered expert evidence that the value of the remainder was not damaged by the mere taking of the approximate 10-foot wide and 1,744-foot long strip, and that the right of access had not been impaired as, before taking, appellant had three driveways of one-car capacity and that, after the taking, they were left with three driveways of equal capacity, although perhaps not as wide. Assuming the original property consisted of 112 acres, the property taken was "forty-nine hundredths of one percent" of that land. Appellee's expert valued the property taken at $14,500, and that except for the cost of $1,589.60 to replace a water line, there were no consequential damages to the remainder. The jury awarded appellant $17,000. *Held*:

1. Appellant asserts the trial court erred in failing to exclude the testimony of George Lyons and in failing to grant appellant's motion to void the entire proceedings. As these issues are not reasonably contained within any enumeration of error, they are not before us on ap-

peal. *Roberts v. Cotton States Mut. Ins. Co.*, 186 Ga. App. 371, 373 (2) (367 SE2d 272); see *West v. Nodvin*, 196 Ga. App. 825, 830 (4b) (397 SE2d 567).

2. Appellant asserts the trial court erred in allowing the condemnor to conceal that access rights were taken causing irreparable injury to the condemnee. Pretermitting whether access rights were in fact taken and whether appellant adequately preserved this issue for appellate review by timely and specific objection, we find nothing in this record to affirmatively establish that condemnor or its witnesses engaged in conduct concealing whether access rights had been taken. However, certain testimony was offered by condemnor to establish that it had not taken any access rights. Moreover, the appraiser testified, as an expert, that in his opinion appellant was left with the same or substantially the same right of access after taking as was enjoyed before taking. "Matters he may have omitted from consideration were appropriate matters for cross examination and rebuttal, which condemnee's counsel artfully executed, and ultimately for the weight to be given the opinion by the jury." *Brookhaven Supply Co. v. DeKalb County*, 134 Ga. App. 878, 879 (2) (216 SE2d 694); accord *Skipper v. Dept. of Transp.*, 197 Ga. App. 634, 637 (399 SE2d 538). The expert was subjected to vigorous cross-examination regarding the validity of his opinion, and appellant's contrary position was clearly and forcefully presented to the jury. Likewise, appellee's other witnesses were subjected to searching cross-examination. Further, the jury heard the difference in the opinions of appellant's and appellee's expert appraisers regarding the effect the planned ditch would have on appellant's access to his property. The jury was not misled by any form of concealment regarding the issue of taking of access rights or of the related issue of consequential damages arising from an alleged physical impairment of access. The party asserting error has the burden of establishing it affirmatively by the record. *Armech Svc. Co. v. Rose Elec. Co.*, 192 Ga. App. 829, 830 (1) (386 SE2d 709). Appellant has failed to carry his burden to establish error as crafted in this enumeration.

*Whipple v. County of Houston*, 214 Ga. 532 (105 SE2d 898) is factually distinguishable from this case.

3. Appellant asserts the trial court erred in allowing the jury to decide whether access rights were taken, as this was a question for trial court determination.

In support of this enumeration, appellant neither argues nor provides any citation of authority tending to establish that any particular instruction given by the trial judge was erroneous. Therefore, assuming without deciding that this enumeration of error could include the appellate issue whether any particular charge given to the jury was in error, such issue has been abandoned on appeal. Court of Appeals

Rule 15 (c) (2).

Following the trial court's charge to the jury, appellant's counsel did object because the trial court *failed* to "tell [the jury] which property was in issue. . . . If it is clear what was taken, it's a question of law and I think the correct charge on what was taken — which you usually would do in describing the property taken." Appellant's counsel also broadly argued that "I don't think [the jury has] a right to make a determination as to what was taken. I mean, that's . . . total error." Thereafter, appellant's counsel stated, "we would like a corrective charge"; however, the type of corrective charge desired was never presented orally or in writing on the record. And except perhaps for opining that the court's charge on zoning was not a fact at issue in the case, appellant's counsel did not identify any specific charge given to the jury as being error. Objections to the giving of or failure to give charges must state distinctly the matter to which objection is made and the grounds of the objection. OCGA § 5-5-24 (a). The general nature of the objections posed by appellant to the failure to charge and the most oblique objection, if any, posed to the charges actually given are inadequate to preserve these issues for appellate review. Compare *Hilliard v. Canton Wholesale Co.*, 151 Ga. App. 184, 186 (3) (259 SE2d 182). "The rationale underlying the requirement that the objection be sufficiently specific is to insure that the trial judge is afforded an opportunity to [determine if a charging error in fact has occurred and to] correct any error in the instructions prior to verdict so that the necessity of an appeal will be obviated." Id. Additionally, assuming without deciding a charging error occurred that was adequately preserved on appeal, appellant, by failure to articulate clearly and distinctly any error in the charges given or to request any specific corrective instructions thereto, aided in any failure to charge the jury adequately as to the property and interest therein taken. "One cannot complain of a failure to charge that is aided by his own trial tactics, procedures, and conduct." *Taylor v. State*, 195 Ga. App. 314, 316 (4) (393 SE2d 690).

Appellant further asserts that appellee's counsel in closing argument introduced the right of access issue "as an issue to the jury." The record establishes, however, that appellant did not object to this argument when it occurred or even immediately upon conclusion of the argument. Only after the jury left the courtroom and the trial judge entertained objections and exceptions to the charge did appellant finally state, "And I want to put on the record, I object to her arguing the jury has a right to make a fact issue of what was taken." The trial court sustained the belated objection. Thereafter, appellant made no motion for mistrial, but did tender an oral request for an unspecified corrective charge as above discussed. Notwithstanding the trial court's election to rule on the untimely objection to appellee's

closing argument, " '[t]he time to object to improper closing argument is when the impropriety occurs at trial. . . . When[, as here,] no timely objection is interposed, the test for reversible error . . . is whether the improper argument in reasonable probability changed the result of the trial.' " *Tharpe v. State*, 262 Ga. 110, 114 (16) (416 SE2d 78). Applying this test we find that appellee's comments during closing argument did not result in reversible error.

In view of our various holdings, we conclude this particular enumeration of error is without merit.

4. Appellant asserts the trial court erred in failing to strike the expert opinion and appraisal of condemnor's sole appraiser, because his opinion was formulated contrary to the ruling expressed in *Department of Transp. v. Gunnels*, 175 Ga. App. 632 (334 SE2d 197).

(a) In support of this enumeration, appellant first asserts that the trial court erred in failing to strike the part of the appraisal which separated out certain landscaping from the raw land, as the appraiser erroneoüsly added the value of the raw land and the value of the landscaping together to arrive at the total value of the property taken. See, e.g., *Department of Transp. v. Willis*, 165 Ga. App. 271 (299 SE2d 82). Pretermitting whether this particular assertion is reasonably included within the scope of the enumeration of error is the question of whether reversible error occurred by such procedure. Appellee's appraiser testified that the highest and best use of the property was commercial and that the purchaser would have very little if any use of the shrubbery or the improvements concerned; however, he included the value of some landscaping, as he believed a person who had worked very hard on these items for many years should receive some compensation for the labor expended. "[T]he expert's opinion testimony as to value [of these items] was, in fact, beneficial to [c]ondemnee and it was, therefore, not reversible error to have admitted that testimony." *Electrical Workers &c. v. Dept. of Transp.*, 198 Ga. App. 345, 346 (1) (401 SE2d 347).

Additionally, the trial court charged the jury that "all elements of the land, such as trees, may be taken into consideration to determine the value of the land taken and the consequential damages to the land not taken, but evidence of the value *of each element* may not be considered." (Emphasis supplied.) Thus, we are confident that any such error regarding this matter would be harmless, within the meaning of OCGA § 9-11-61, as there exists no reasonable likelihood in light of the totality of the testimony of the expert, coupled with the pertinent charge of the trial court, that the opinion as to the separate value of the landscaping affected the substantial rights of appellant.

(b) The proper measure of consequential damages to the remainder (property not taken) is the diminution, if any, in the market value of the remainder in its circumstances just prior to the time of the

taking compared with its market value in its new circumstances just after the time of the taking. *Department of Transp. v. Gunnels*, 255 Ga. 495, 496 (1) (340 SE2d 12).

Appellee's expert performed two appraisals, the second of which was an update of the first. It is the second appraisal upon which the expert relied in arriving at his opinion that there was no diminution in value as to the remainder of the property. Although the expert failed to make a separate mathematical calculation regarding the value of the remainder before the take, it was his conclusion, after determining a unit value per acre for the land, that the difference then existing between the value of the remainder and the entire tract was, under the operative circumstances, just the reduction of the value of the part taken. Likewise, having concluded there was no damage (except for replacement of a certain water line) to the remainder caused by the take, he found no necessity to reduce his entire mental process to mathematical calculation.

In both his first and updated appraisals, the expert considered whether there had been any damages to the remainder. The updated appraisal pertained to the property as of the date of taking. In the updated appraisal, the expert estimated the value of the remainder before the take on a unit value basis, that is, on a certain dollar per acre value; and, although he "did not state it out," the expert testified he went through the thought process to estimate the value of the remainder after the take. As there was no value diminution or reduction caused by the take, he omitted the mathematical calculation for this process. In view of all the factors considered, the expert concluded that the value of the remainder after the take was "essentially the same as the value before."

Appellant has failed to cite any persuasive authority which would compel the trial court to strike the testimony of the condemnor's expert. Nothing in either of the *Gunnels* decisions, supra, mandates that an expert arrive at his property appraisal only by means of one inflexible procedural process. As a general statutory rule, "[t]he opinions of experts on any question of science, skill, trade, or like questions shall always be admissible; and such opinions may be given on the facts as proved by other witnesses." OCGA § 24-9-67. We find no basis for departing from the general statutory rule in this case, particularly as Georgia law favors the admission of any relevant evidence no matter how slight its probative value. *West v. Nodvin*, supra at 828 (3b). The weight and value to be given admissible expert testimony is a matter for jury determination *under proper instruction. Buckhanon v. State*, 151 Ga. 827, 833 (8) (108 SE 209). And appellant did not take any specific exception to the instructions given the jury either regarding consideration of expert testimony or as to the procedure to be followed in determining consequential damages. In view of the

above, we find this enumeration to be without merit.

5. Appellant asserts the trial court erred in denying condemnee's motion in limine to prevent the introduction of evidence whether condemnor might or might not give back property rights after the date of the take.

Condemnor's expert appraiser testified that appellant was not deprived of any right of access; before the taking he had three existing single-car driveways and after the taking he was left with three, 14-foot, single-car driveways to the public road. The jury also heard testimony that even though the existing driveways may have been wider than 14 feet at the time of taking, there was no substantial impairment of these driveway access routes because the driveways after taking likewise would accommodate single-car traffic. Moreover, on cross-examination, condemnor's expert appraiser testified that he had not claimed condemnee could "get some property back," and "if I said she got it back, I was in error." However, testimony was admitted inter alia to the effect that a procedure existed whereby a landowner could tender a subsequent request, submit a completed development plan, and obtain additional access to a public road. An engineering expert testified, however, that the Department of Transportation would not normally grant additional driveway access to undeveloped property, and that the maximum driveway width feasible for purposes of commercial development, under DOT regulations, is normally 35 feet and in certain instances 40 feet. There also was unrefuted testimony that a request, for example, for a building permit for a "7/11" store with only a 14-foot driveway would not be approved due to safety considerations.

The jury was instructed, regarding the pertinent provisions of OCGA §§ 32-6-131 and 32-6-133, including respectively, the requirement to obtain a permit to construct a new commercial driveway or to alter an existing one and that in promulgating reasonable regulations in implementation of the applicable statutes, such regulations shall not deprive the landowner of reasonable access to a public road on the state highway system. Appellant has not filed an enumeration of error regarding these instructions, nor has she enumerated as error the trial court's charge that a landowner is not entitled to access at all points on the boundary between his property and the public right-of-way, but is entitled to convenient access, and the existing means of ingress and egress may not be substantially interfered with without compensation.

Although DOT is given authority to promulgate uniform and reasonable regulations in implementation of the provisions of Article 5, Part 1, Title 32, OCGA, and in making the same is required to specify inter alia the circumstances under which commercial driveway permits may be issued or revoked, nevertheless, OCGA § 32-6-133 in ef-

fect precludes promulgation of implementing regulations which would deprive "the landowner of *reasonable access* to the public road on the state highway system" concerned. (Emphasis supplied.) That is, DOT cannot refuse to issue a commercial driveway permit when the landowner would be obtaining thereby a *reasonable* access from his property to the public roadway concerned. (Note: We do not here address the question of denial of access to a landowner to a limited access highway, as that question is not at issue on appeal.) Thus, it appears that evidence concerning the procedure available for the landowner to apply for additional and reasonable access by means of new commercial driveways would have some relevancy, albeit minimal, regarding whether, *at the time of taking*, appellant's right of access had been *substantially* impaired or reduced in scope. Any such impairment or reduction would appear likely to result in some type of diminution in the value of the remainder, applying the test of *Department of Transp. v. Gunnels*, supra, 255 Ga. at 496. "Admissibility of evidence rests in the trial court's sound discretion. [Cit.] [And even] 'evidence of doubtful relevancy or competency should be admitted and its weight left to the jury.'" *Gene Thompson Lumber Co. v. Davis Parmer Lumber Co.*, 189 Ga. App. 573, 575 (2) (377 SE2d 15). Evidence of the procedures available at the time of taking to request and subsequently receive reasonable access to property for commercial purposes has at least minimal relevance to the ultimate question of the diminution, if any, in the market value of the remainder in its new circumstance just after the time of the taking; therefore, the trial court did not abuse its discretion in allowing such testimony to be presented to the jury in this instance. Moreover, "'[w]here evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it.'" *West v. Nodvin*, supra at 828 (3) (b).

We have considered the authority cited by appellant and find it is not controlling.

*Judgment affirmed. Andrews, J., concurs. Beasley, J., concurs in judgment only.*

DECIDED OCTOBER 29, 1992 —
RECONSIDERATION DENIED NOVEMBER 17, 1992.

*Rebecca C. Benton*, for appellant.
*Emily E. Garrard*, for appellee.