## A94A1925. WARD v. DOLLAR.
(453 SE2d 142)

RUFFIN, Judge.

In this unusual case, appellant, Freddie Ward, gave money to the appellee, Beulah Dollar, to deposit in the Telfair County Credit Union ("the credit union"). Dollar was an officer of the credit union. The evidence showed that Dollar actually operated the credit union out of her home. The evidence also showed that Ward made deposits with Dollar totaling $25,000. When Dollar could not return Ward's money, he sued her. Dollar failed to file an answer to the complaint. Ward subsequently moved for a default judgment on unliquidated damages pursuant to OCGA § 9-11-55, and the trial court denied the motion.

Ward enumerates six errors by the trial court, but states that due to the nature of the arguments, the errors are consolidated. In essence, Ward argues that the court's ruling denying him a judgment against Dollar in any amount was unsupported by the evidence and was clearly erroneous. We agree. OCGA § 9-11-55 (a) provides that when a case is in default, the plaintiff is entitled to a verdict and judgment by default "as if every item and paragraph of the com-

plaint . . . were supported by proper evidence. . . ." However, if the action is one for unliquidated damages, "the plaintiff shall be required to introduce evidence and establish the amount of damages. . . ." Id.

Here, Ward established that he left $25,000 with Dollar. Dollar testified that every time Ward gave her money, she filled out a cash voucher receipt and entered the deposit in an account book. Ward presented initialed receipts for deposits of $2,000, $3,000 and $10,000, and Dollar admitted that the initials on the receipts were hers. The receipt for the $10,000 deposit showed a balance in Ward's "account" of $25,000 and Dollar did not dispute this. Dollar contended only that on some occasions she gave Ward a cash receipt without counting the money. Ward's brother testified that he was present each time Ward deposited money and that the deposits totaled $25,000.

Dollar further testified that Ward asked her to hold much of the money in her home until he could decide whether to deposit it in the credit union, and that the undeposited money was eventually stolen from her home by her son. Dollar told Ward she was sorry the money had been stolen and that she would try to pay him back on a monthly basis. In sum, Dollar never disputed that Ward had deposited $25,000 with her, did not attempt to prove that Ward's damages were less than $25,000 as she was entitled to do under OCGA § 9-11-55 (a), and in fact, offered to repay him.

Thus, Ward proved the amount of his damages and was entitled to a judgment of $25,000. Nonetheless, the trial court ruled that Ward was to recover nothing because it did not find Ward or his brother credible and found the circumstances of this case too incredible and improbable to be the basis for a judgment. While the facts of the case are certainly unusual and may defy common sense, we cannot simply ignore the evidence, particularly Dollar's admissions. "We find, therefore, that this is that rare case contemplated by OCGA § 9-11-52 (a) in which the findings of a trial judge are to be set aside as clearly erroneous." *Davis v. Davis*, 262 Ga. 420, 422 (3) (419 SE2d 913) (1992).

*Judgment reversed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED JANUARY 24, 1995.

*Dwayne H. Gillis,* for appellant.
Beulah Dollar, *pro se.*