A97A1018. WALKER v. HAMBRICK.
(486 SE2d 77)

ELDRIDGE, Judge.

Appellant Veronica Walker filed suit against appellee Betty Hambrick on March 6, 1996, alleging that appellee converted at least $60,000 in proceeds from assets that appellant inherited from the decedent, appellant's mother, in June 1991. The complaint requested an accounting of appellee's finances since June 1991 and a temporary restraining order ("TRO") preventing appellee from dispersing or otherwise disposing of any assets over which appellee gained control by virtue of a power of attorney granted her by the appellant.

Appellee was served with appellant's complaint on March 20, 1996, and appeared pro se at a hearing the same day to challenge

appellant's motion for the TRO. Appellee denied in open court the accusations of appellant's complaint. The parties subsequently agreed upon a TRO which addressed most of the concerns presented in appellant's complaint, with the exception of the conversion allegation. Appellee never filed an answer to appellant's complaint. The trial court held a final non-jury hearing on the conversion action on November 20, 1996. Sitting without a jury, the trial court determined that the appellant failed to prove, except for her sworn complaint and affidavit, that the appellee "misappropriated, converted or mismanaged any property" owned by the appellant; therefore, the trial court entered a judgment for the appellee.

Appellant alleges two errors by the trial court which are essentially based upon one assertion, that the trial court erred by entering a judgment in favor of the appellee. We agree.

1. The record indicates that the appellee was served on March 20, 1996, the same day that she appeared pro se at a court hearing to challenge the appellant's request for a TRO. Therefore, she was entitled to 30 days to answer the appellant's complaint, and there was no default at that time. OCGA § 9-11-12 (a). Following the TRO hearing, the parties agreed upon a TRO which ordered, inter alia, the appellee to provide an accounting and which restrained the appellee from disbursing or otherwise diminishing the disputed assets from the decedent's estate. This agreement effectively adjudicated the appellant's cause of action, with the exception of the count alleging conversion.

However, several months passed before a final hearing was held on the appellant's conversion action; the appellee filed no answer to the complaint prior to the final hearing. Therefore, appellee was automatically in default, and appellant was entitled to a verdict and judgment "as if every item and paragraph of the complaint or other original pleading were supported by proper evidence." OCGA § 9-11-55 (a); see *Floyd v. First Union Nat. Bank &c.*, 203 Ga. App. 788, 792 (417 SE2d 725) (1992). Therefore, the trial court erred as a matter of law in rendering a judgment in favor of the appellee.

2. Further, following appellee's default, the trial court was required to award liquidated damages, since no further hearing on the issue of liquidated damages is required under OCGA § 9-11-55 (a). Appellant submitted a bank draft transferring $60,000 from a Wachovia Bank joint account held by both appellant and appellee to an individual account at Bank South to which only appellee had access. The bank draft is affirmative evidence of a conversion in the amount of $60,000, and the record is devoid of any denial by the appellee as to its conversion. Therefore, the $60,000 represents a sum certain, liquidated damage amount. See *Jennings Enterprises v. Carte*, 224 Ga. App. 538, 541 (4) (481 SE2d 541) (1997) (the term "liquidation" means "an amount certain and fixed, either by act and

agreement of the parties, or *by operation of law*" (emphasis supplied) and that "[t]he word 'liquidated,' as used in the statute[,] means settled, acknowledged, or agreed"); see also *Ward v. Dollar*, 216 Ga. App. 143, 144 (453 SE2d 142) (1995) (wherein the amount of damages in a conversion action was evidenced by several deposit slips and undisputed by a defaulting defendant); *West v. Nodvin*, 196 Ga. App. 825, 831 (397 SE2d 567) (1990) (wherein the amount of damages averred in the ex delicto claim was identical to damages under the ex contractu claim in the same complaint and undisputed by the defendant). These damages should have been awarded to the appellant following appellee's default, and the trial court erred in denying appellant such judgment.

*Judgment reversed and remanded for entry of judgment consistent with this opinion. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED APRIL 17, 1997.

Before Judge Flake.

*Lavigno & Schlueter, Richard R. Schlueter, Albert A. Myers III,* for appellant.

Betty Hambrick, *pro se.*