## 65759. STRICKLAND v. THE STATE.

SOGNIER, Judge.

Appellant was convicted of simple battery. On appeal she contends the trial court erred by denying her motion for a mistrial after the assistant solicitor asked her on cross-examination about an arrest warrant for appellant's husband, a defense witness. Appellant also enumerates as error the trial court's comments in advising the jury that an arrest warrant had been issued for appellant's husband.

Appellant Sybil Strickland got into a fight with her husband's ex-wife, Pam, when Sybil and her husband went to pick up his daughter for the weekend. On direct examination appellant testified that after the brief fight at Pam's home, her husband told Pam that he was going to keep their daughter for a couple of weeks vacation, and Pam said okay. On cross-examination the prosecutor, in an attempt to impeach appellant, asked her if a warrant had been issued requiring her husband to return his daughter to Pam. Appellant moved for a mistrial on the ground that the question prejudiced and tainted the jury; the motion was denied and when the same question was asked by the prosecutor, appellant renewed her objection. The trial court then instructed the jury that the evidence was admitted only for the purpose of impeachment. However, in the course of the instruction the trial court informed the jury that "there is a case pending in court this week against Steve Strickland, who is referred to here as the ex-husband of Pam Strickland and the present husband of Sybil Strickland." At the conclusion of the court's instruction appellant again moved for a mistrial on the grounds that by its instructions the court had impeached Steve Strickland, a defense witness yet to appear, and it was not proper to impeach a witness on the basis of a pending (criminal) case. The motion was denied and appellant contends the denial of her motion for a mistrial was error, and that it was error for the trial court to interject its comments concerning the accusation against Steve Strickland into the limiting instruction on impeachment. As both enumerations relate to the same matter they will be considered together.

A witness may be impeached by disproving the facts testified to

by him, OCGA § 24-9-82 (Code Ann. § 38-1802), and also by proof of a crime involving moral turpitude. *McCarty v. State,* 139 Ga. App. 101, 102 (1) (227 SE2d 898) (1976). Although the prosecutor in the instant case stated he was asking the question about appellant's husband to impeach appellant, we stated in *McCarty* that "it is not competent to discredit him [the witness] by showing that he has committed, been arrested for, confined for, or even indicted for such an offense." Id., at 103 (1). "Our law is that conviction impeaches; accusation does not." *Johnson v. State,* 144 Ga. App. 406 (1) (240 SE2d 919) (1977). Thus, asking appellant about an arrest warrant for her husband was not a proper way to impeach appellant, nor would it be a proper method of impeaching her husband. *Johnson, McCarty,* supra. Further, whether or not appellant's husband told his ex-wife *after* the alleged battery that he was taking their daughter for a two-week vacation was wholly immaterial to the issue of appellant's guilt of simple battery. While a witness may be impeached on a collateral issue which is indirectly material to the issue in the case, "a witness may not be impeached because of a discrepancy as to a wholly immaterial matter." *Gilbert v. State,* 159 Ga. App. 326, 327 (2) (283 SE2d 361) (1981). Hence, it was error to allow the prosecutor to ask the question objected to by appellant. The trial court compounded this error by informing the jury that Steve Strickland was facing trial two days later, a fact that the jury was unaware of until the court's instruction on impeachment. Since the trial court had been informed that Steve Strickland would appear as a defense witness, the court, in effect, impeached him prior to his appearance.

The sole issue in this case was credibility of the witnesses, since appellant and her husband both testified that Pam Strickland started the fight by stating to appellant that "I can beat your ass" and then slapping appellant across the face, while Pam testified that appellant started the fight. Under such circumstances we cannot say that the errors committed by the trial court were harmless and, thus, the trial court erred by denying appellant's motion for a mistrial.

*Judgment reversed. Quillian, P. J., and Pope, J., concur.*

Decided May 20, 1983.

*Thomas M. Strickland,* for appellant.

*Ken Stula, Solicitor, Kent Lawrence, Assistant Solicitor,* for appellee.