## IN THE MATTER OF LARRY W. THRELKELD.
### (SUPREME COURT DISCIPLINARY NOS. 876, 877)
#### (417 SE2d 319)

PER CURIAM.

In Disciplinary No. 876, the State Bar charged Larry W. Threlkeld with violating Standards 4 (prohibition against professional conduct involving dishonesty); 22 (obligation that lawyer not withdraw from employment before taking reasonable steps to avoid foreseeable prejudice to client); 23 (obligation to promptly refund unearned fees on withdrawal from employment); 44 (prohibition against wilfully abandoning or disregarding a legal matter to the detriment of the client); 45 (b) (prohibition against making false statements); 63 (obligation to maintain complete records of client's property in lawyer's possession and to render appropriate accounts to clients regarding that property); and 65 (prohibition against commingling funds and obligation to account for trust property) arising out of his representation of Kathleen Ann Danner in pursuing her action against a bank. In Supreme Court Disciplinary No. 877, the State Bar charged Larry W. Threlkeld with violations of Standards 4, 22, 23, 44 and 45 (b), arising out of his representation of Carrie L. Porter in preparing her tax returns for a four-year period. Following discovery, during which Threlkeld presented his defenses to the charges against him, and evidence in mitigation of discipline, the State Bar agreed to accept Threlkeld's petition for voluntary discipline, in which he admitted violations of Standards 22, 45, 63 and 65, and requested a six-month suspension from the practice of law. The State Bar further set forth, as conditions precedent to Threlkeld's reinstatement, that he do the following:

(1) Certify to the Office of the General Counsel that he has reimbursed Ms. Kathleen Danner the amount of one thousand and twenty five dollars ($1,025.00), which she paid to Respondent and her new attorney in fees;

(2) Certify to the Office of the General Counsel that new accounting and bookkeeping methods have been implemented by Respondent that will enable him to keep complete records of his client's funds held in a fiduciary capacity; and,

(3) Supply to the Office of the General Counsel a list of banking or financial institutions, with the accompanying account numbers, that Respondent will utilize after his reinstatement to the practice of law in the State of Georgia.

We approve the recommendation of the State Bar. Accordingly, Threlkeld's petition for voluntary discipline is accepted, with the foregoing conditions precedent to his reinstatement.

It is ordered that Threlkeld's license to practice law in the State of Georgia be suspended for six months, beginning July 1, 1992, and be reinstated upon Threlkeld's meeting the foregoing conditions precedent to the satisfaction of the State Bar.

*All the Justices concur.*

DECIDED JUNE 25, 1992.

*William P. Smith III, General Counsel State Bar, Cynthia C. Hinrichs, Assistant General Counsel State Bar,* for State Bar of Georgia.