## A99A2515. ROBBINS v. THE STATE.
### (532 SE2d 127)

RUFFIN, Judge.

A Greene County jury found Jackie Robbins guilty of three counts of child molestation. On appeal, Robbins challenges the sufficiency of the evidence. Additionally, he contends the trial court erred in admitting certain hearsay evidence and in permitting the State to make improper arguments during its closing statement. As Robbins' contentions lack merit and the evidence was sufficient, we affirm.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict.[1] The defendant no longer enjoys a presumption of innocence.[2] We neither weigh the evidence nor determine witness credibility but only determine whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[3] "As long as there is some competent evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld."[4]

The record demonstrates that Jackie Robbins, the youngest of ten children, lived at home with his mother, Lovely Rea Robbins, until he graduated from high school in 1994.[5] While Robbins lived at home, two of his nieces, M. R. and S. R., would stay at their grandmother's house while their mother was at work.

M. R., who was born in January 1984, testified that when she was six years old, Robbins began molesting her at her grandmother's house and that he continued molesting her until 1992, when she

---

[1] *Wilhelm v. State*, 237 Ga. App. 682 (516 SE2d 545) (1999); *Cantrell v. State*, 230 Ga. App. 693, 694-695 (1) (498 SE2d 90) (1998).

[2] *Wilhelm*, supra.

[3] 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Wilhelm*, supra.

[4] Id.

[5] The actual date Robbins left home is unclear, but he testified unequivocally that he lived at home until 1994.

turned eight. According to M. R., Robbins

> would tell me to go in his room. And he would like tell me to pull down my clothes. And so I did. Because he would offer me candy or a piece of chewing gum or whatever. And so he would try to put his penis in my vagina. He would lay me down and he even tried to touch my vagina. He'd try to make me, you know, suck his penis.

S. R. testified that, when she would stay with her grandmother, Robbins would call her into a room, take off her clothes, and attempt to have intercourse with her.

After Robbins graduated from high school, he married and left his mother's home.[6] When Robbins' marriage ended, however, he moved back into his mother's house. S. R. testified that, in the spring of 1997 — after Robbins had returned to his mother's house — he touched her breast. Following this incident, M. R. and S. R. told their mother about the abuse. The mother took the two girls to a counselor, Beda Cain, who interviewed them on April 25, 1997. Cain reported the alleged abuse to the authorities, and Robbins was charged with four counts of molestation.[7]

Robbins, who testified at trial, denied having molested his nieces. Numerous family members also testified on Robbins' behalf, including the victims' father. These witnesses testified that the trailer where the abuse allegedly occurred was always full of people.

1. On appeal, Robbins asserts that the trial court erred in failing to direct a verdict of acquittal on all counts of child molestation. He contends that the abuse "was not physically possible" because "there were too many people around" for him to have molested the girls without having been discovered. The jurors were aware of this contention and the evidence supporting it but chose to believe the victims' testimony that their uncle had molested them. It is not the function of this Court to reweigh the evidence or to determine the credibility of witnesses.[8] Because the evidence was sufficient for a rational trier of fact to find Robbins guilty beyond a reasonable doubt, the trial court did not err in failing to grant a directed verdict.[9]

2. Robbins next asserts that the trial court erred in admitting Cain's testimony regarding the victims' out-of-court statements.

---

[6] Robbins, who testified at trial, was unable to recall the year that he married.

[7] The trial court directed a verdict of acquittal on one count of molestation.

[8] *Havron v. State*, 234 Ga. App. 413, 414 (1) (506 SE2d 421) (1998).

[9] Id.; *Coalson v. State*, 237 Ga. App. 570 (515 SE2d 882) (1999).

OCGA § 24-3-16 provides that:

> [a] statement made by a child under the age of 14 years
> describing any act of sexual contact or physical abuse per-
> formed with or on the child by another or performed with or
> on another in the presence of the child is admissible in evi-
> dence by the testimony of the person or persons to whom
> made if the child is available to testify in the proceedings
> and the court finds that the circumstances of the statement
> provide sufficient indicia of reliability.

In *Gregg v. State*,[10] this Court listed factors that a trial court should consider in determining whether the circumstances surrounding a child's statement provide sufficient indicia of reliability.[11] These factors include: (1) the conditions under which the statement was made; (2) the statement's spontaneity; (3) the child's age; (4) the child's demeanor; (5) the child's physical and emotional condition; (6) the presence or absence of any threats or promises of benefit; (7) any presence or absence of drugs or alcohol; (8) the child's general credibility; (9) the presence or absence of any coaching by parents or others either before or during the giving of the statement; and (10) the consistency between repeated out-of-court statements.[12] Robbins contends that the victims' statements were not sufficiently reliable to warrant their introduction. We disagree.

Without providing any factual basis, Robbins contends that the victims were interviewed in an "intimidating" atmosphere and that they were put in a position where they had no choice but to make allegations of abuse. Contrary to Robbins' contention, the evidence shows that the victims were interviewed separately and in a neutral location. Moreover, the ages of the victims — thirteen and ten at the time of the interview — suggest that they were old enough to appreciate the gravity of the charges that they were making.

Robbins argues that the victims' demeanor illustrates the unreliability of their statements. Cain described M. R. as quiet and withdrawn and said that she felt M. R.'s statement was spontaneous and not the result of coaching. With respect to S. R., Cain felt that she appeared uncomfortable, a bit hostile, and that she became tearful at times during the interview. Cain testified that S. R. was cooperative and did not appear to have been coached. Neither M. R. nor S. R. appeared to have been physically abused. We fail to see how the victims' demeanor renders their statements unreliable. The fact that

---

[10] 201 Ga. App. 238 (411 SE2d 65) (1991).

[11] Id. at 240 (3) (b).

[12] Id.; *Thompson v. State*, 233 Ga. App. 364, 365-366 (2) (504 SE2d 234) (1998).

the victims appeared to treat a serious subject in a serious manner does not mitigate in favor of excluding their statements.

Robbins also points to the length of time between the alleged abuse and the statements and to inconsistencies in the victims' statements in support of his argument that the statements are unreliable. Although these factors might support a trial court's decision to exclude the statements, they do not require exclusion. The factors to determine reliability are not to be applied mechanically but should be applied in the manner best calculated to determine whether the victims' statements are trustworthy.[13] Looking to the totality of the circumstances, the trial court was authorized to find that the victims' "statements bore sufficient indicia of reliability to authorize their admission in evidence."[14] Accordingly, the trial court did not abuse its discretion in admitting them.

3. In his third enumeration of error, Robbins contends that the trial court erred in admitting the hearsay testimony of the victims' mother. Robbins provides no argument in support of this enumeration but merely refers to his argument in his second enumeration of error. As Robbins' third enumeration of error is unsupported by argument, it is deemed abandoned.[15]

4. Robbins contends that the trial court erred in allowing the prosecutor to argue facts not in evidence during his closing argument. When the prosecutor mentioned "the pattern with child sexual abuse," Robbins' attorney immediately objected, and the prosecutor did not say anything further on this issue. Because the prosecutor did not expound upon his theory on the pattern of child sexual abuse, we fail to see how his statement could be considered improper. Even if improper, however, we find it entirely unlikely that this one statement changed the result of the trial. Accordingly, any error was harmless.[16]

To the extent that Robbins challenges any other objectionable statements made during closing argument, a review of the record discloses that Robbins did not object to any other allegedly improper comments either during or after closing argument. Accordingly, he has waived the error, if any.[17]

5. In his final enumeration of error, Robbins asserts that the trial court erred in allowing the prosecutor to misstate the State's burden of proof during closing argument. During Robbins' closing argument, his attorney argued that the jurors not only had to believe

---

[13] *Jones v. State*, 226 Ga. App. 420, 423 (2) (487 SE2d 56) (1997).

[14] *Jenkins v. State*, 235 Ga. App. 53, 56 (1) (d) (508 SE2d 710) (1998).

[15] *Duncan v. State*, 205 Ga. App. 181, 183 (4) (421 SE2d 336) (1992).

[16] *Jenkins v. State*, 235 Ga. App. 547, 548 (1) (510 SE2d 87) (1998).

[17] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996).

the State's version of events, but they had "to be certain about it." The State objected to this characterization of the State's burden of proof, and the trial court sustained the objection. During the State's closing argument, the prosecutor explained the State's burden of proof as follows:

> The burden of proof, reasonable of [sic] doubt is just what it says. It's the doubt of a fair-minded, impartial juror honestly seeking the truth. It's not our burden to prove beyond a reasonable doubt or to a mathematical certainty. Ladies and gentlemen, I couldn't let [Robbins' attorney] change that to say that it had to be a certainty.

Robbins did not object to this obvious misstatement of the State's burden of proof. Robbins contends that the State's obvious misstatement of its burden of proof in closing argument is so prejudicial that it warrants reversal. We disagree.

Initially, we note that Robbins failed to object to the argument and, thus, has waived the issue on appeal.[18] But even if Robbins had preserved the issue for appeal, he presents no basis for reversal because the jurors were properly instructed on the State's burden of proof. Following closing arguments, the trial court charged the jury as follows:

> Ladies and gentlemen, the State is not required to prove the guilt of the accused beyond all doubt or to a mathematical certainty. A reasonable doubt means just what it says. It is the doubt of a fair-minded, impartial juror, honestly seeking the truth. It is a doubt based upon common sense and reason. It does not mean a vague or arbitrary doubt, but is a doubt for which a reason can be given, arising from a consideration of the evidence, a lack of evidence, a conflict in the evidence or a combination of any of those things.

It is evident that, in rebutting Robbins' characterization of the State's burden of proof, the prosecutor simply misspoke. "The prosecutor's remark, though unfortunate, was no more than a slip of the tongue."[19] In view of the fact that the trial court properly instructed the jury with regard to the State's burden of proof, we find it unlikely that the jury was either misled or confused by the prosecutor's mistake.[20] Accordingly, the judgment of conviction is affirmed.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

---

[18] *Mullins v. State*, 270 Ga. 450 (2) (511 SE2d 165) (1999).
[19] *Polk v. State*, 225 Ga. App. 257, 258 (1) (b) (483 SE2d 687) (1997).
[20] Id.

DECIDED MARCH 22, 2000.

*Daniels & Rothman, Jeffery A. Rothman,* for appellant.
*Fredric D. Bright, District Attorney, Wilson B. Mitcham, Jr., Assistant District Attorney,* for appellee.