S00A1244. POPE v. FIELDS.
(536 SE2d 740)

FLETCHER, Presiding Justice.

Executrix Martha Joyce Fields filed a petition to probate in solemn form the 1994 will of her sister, Nola Zoedell New. Their brother, Royce O. Pope, filed a caveat on the grounds of lack of testamentary capacity, undue influence, monomania, mistake of fact, and fraud and deceit. At the end of a four-day trial, the jury returned a verdict finding that the 1994 will should be admitted to probate. Pope challenges three evidentiary rulings, the jury's verdict, and the trial court's rulings on the motions for a directed verdict. Because Mrs. New's deposition testimony from a related case was admissible under OCGA § 24-3-10 and the evidence supports the jury's verdict, we affirm.

The evidence presented at trial shows that Pope moved into Mrs. New's house in the late 1980's and began handling her financial affairs after she had surgery in 1991. In 1992 Pope hired an attorney, Barry Broome, who prepared a revocable living trust, durable power of attorney, durable power of attorney for health care, a will, and quit claim deed. An insurance agent picked up the documents, had Mrs. New sign them at her home, and returned them to Broome. No one explained to Mrs. New that the documents transferred all of her personal and real property to the Royce O. Pope Revocable Trust with no restrictions. In early 1994, Mrs. New began calling her banks and asking why she did not have any money in her accounts. She consulted an attorney who drafted a complaint against Pope, but Mrs.

New decided not to go forward with the lawsuit at that time. During the summer, both Pope and his daughter Missy Chapman, whose family had moved in with Mrs. New in 1993, verbally and physically abused Mrs. New.

On August 11, 1994, Chapman took Mrs. New to a personal care home. The caretaker testified that Mrs. New was drugged and incapable of answering questions when she arrived; her clothes were dumped in the yard. Chapman told the caretaker, "Now that you've agreed to take her, you'd better understand she's never coming back to my house." The following day, Mrs. New asked Joyce Fields to act as her guardian. Fields filed a petition for an emergency guardianship, which was granted, and then filed an action on Mrs. New's behalf in superior court against Pope as an individual and as trustee for conversion and an equitable accounting. The superior court judge enjoined Pope from moving any assets.

On August 26, 1994, Mrs. New executed a new will leaving all of her property to Fields and her husband. Item ten states that the testator does not intend for Royce O. Pope or any of his heirs to receive her property. Both witnesses to the will testified that they spoke with Mrs. New at the signing and she was competent; the notary public testified that she was physically frail but knew what she was doing. Other witnesses testified that she knew her family, the nature of her property, and how she wanted to devise it. Her personal physician, who began seeing her a week before she executed the will and treated her until her death, testified that he did not see any signs of dementia. On February 3, 1995, Mrs. New gave a 30-minute videotaped deposition in the superior court action in which she testified that Pope's daughter had slapped her and "booted" her out of her own house, she hoped she still owned her property but thought her brother Royce did, and she wanted her sister Joyce to get her property in her will. The deposition was taken by agreement of the parties, and Pope's attorney was present and cross-examined Mrs. New about her health and her relationship with Pope's daughter and family. Mrs. New died two years later on April 17, 1997.

1. Pope challenges the trial court's decision allowing Fields to introduce the videotaped deposition of Mrs. New and the sexual battery conviction of Pope and denying Pope the right to introduce a physician's note. We find no error in these evidentiary rulings.

(a) OCGA § 24-3-10 permits the testimony of a deceased, disqualified, or inaccessible witness given under oath on a former trial on substantially the same issue and between substantially the same parties. This exception to the hearsay rule requires that the proponent show that (1) the declarant is unavailable as a witness at trial; (2) the testimony was given under oath at a hearing or other proceed-

ing; and (3) the parties and issues are substantially similar.[1] The requirement of substantial similarity is "to insure that the party against whom the testimony is now offered had an opportunity adequately to cross-examine the witness at the previous proceeding."[2] Relying on this purpose, the requirement of substantial similarity is fulfilled if the party against whom the former testimony is offered is the same and the previous proceeding provided an adequate opportunity for cross-examination.[3]

Mrs. New's deposition meets the requirements of § 24-3-10. First, she is deceased and thus was unavailable as a witness at trial. Second, her deposition testimony was taken under oath in the superior court action by agreement of the parties, whose attorneys were present and questioned her. Third, the parties are substantially similar because Pope is a party in both the superior and probate court actions and he is the party against whom the testimony was offered at trial. Finally, the disputed issues in both lawsuits concern Mrs. New's health in August 1994, her relationship with her family, her understanding of her financial affairs, and her intent in disposing of her property. Since Mrs. New testified about these issues in her deposition, Pope's attorney had an adequate opportunity to question her about them, and he actually cross-examined her about her health and family, the requirement of substantial similarity of issues has been met.

(b) In Georgia a witness may be impeached by proof that he or she has been convicted of a crime involving moral turpitude.[4] We have previously held that sexual battery is a crime of moral turpitude.[5] Thus, the trial court properly permitted evidence of Pope's conviction for the sexual battery of Mrs. New's nurse for impeachment purposes and issues related to the caveat.

(c) Since Pope failed to lay the proper foundation for introducing the note of a physician who did not testify at trial, the trial court properly excluded it from evidence.

2. Pope challenges the jury's verdict on the grounds that the probate court had found Mrs. New mentally incapacitated and appointed Fields as her guardian by the time Mrs. New executed the will. Under our state statutes, the appointment of a guardian for adults who are incapacitated does not destroy the ward's right or

---

[1] See generally Paul S. Milich, *Georgia Rules of Evidence* § 19.27 (1995); D. Lake Rumsey, *Agnor's Georgia Evidence* §§ 11-27 to 11-31 (3d ed. 1993).

[2] *Prater v. State*, 148 Ga. App. 831, 836 (253 SE2d 223) (1979); see *Barnes v. State*, 256 Ga. 370 (349 SE2d 387) (1986).

[3] *Prater*, 148 Ga. App. at 836-837.

[4] *Sapp v. State*, 271 Ga. 446, 448 (520 SE2d 462) (1999).

[5] *In the Matter of Brooks*, 263 Ga. 530, 532 (436 SE2d 493) (1993).

ability to make a will.[6] "A [person] may be unable to transact business, or even lack the mental capacity to contract, and may still have sufficient capacity to make a will."[7] Because the ability to make a will must be determined independently, Mrs. New's testamentary capacity was appropriately a jury issue and its verdict is supported by the evidence.

3. The trial court may grant a motion for directed verdict if there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions, shall demand a particular verdict.[8] Given the conflict in the evidence, the trial court did not err in denying the caveator's motion for a directed verdict and submitting the case to the jury. Additionally, the trial court reserved its ruling on the propounder's motion for a directed verdict until after the issues were submitted to the jury and the jury returned a verdict in her favor. Therefore, even if Pope's evidence was sufficient to raise fact issues, the jury resolved those issues and the subsequent grant of a directed verdict to Fields would not be reversible error.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 2, 2000 —
RECONSIDERATION DENIED OCTOBER 20, 2000.

*Browning, Tanksley & Casurella, George T. Smith*, for appellant.
*Dennis C. O'Brien, David J. Koontz*, for appellee.

---

[6] See OCGA § 29-5-7 (f).
[7] *Wood v. Lane*, 102 Ga. 199, 201 (29 SE 180) (1897).
[8] See *Mayor &c. of Savannah v. Palmerio*, 242 Ga. 419 (249 SE2d 224) (1978).