## S01A0865. MULLINS v. THOMPSON.
### (553 SE2d 154)

THOMPSON, Justice.

This case presents a question of first impression: Can a witness who is a lawyer be impeached by evidence showing that his license to practice law was suspended? We answer this question in the negative.

Evelyn Mullins died testate, leaving a number of children. One, Kathy Thompson, petitioned to probate the will; another, Roy Mullins, filed a caveat, alleging the will was a "traced forgery." The probate court admitted the will to probate and Mullins appealed to the superior court which, following a de novo jury trial and a verdict in favor of Thompson, upheld the validity of the will.

One of the witnesses to the will was Larry Threlkeld, a lawyer. Mullins wanted to impeach Threlkeld by showing that he had made false statements to a client in violation of the Rules of Professional Conduct, and that, consequently, his license to practice law had been suspended for six months. The superior court would not allow Threlkeld to be impeached in that manner, and Mullins enumerates error upon that ruling. We affirm.

1. In Georgia, a witness may be impeached by proving that he or she was convicted of a crime of moral turpitude. *Pope v. Fields*, 273 Ga. 6, 8 (536 SE2d 740) (2000); *Strickland v. State*, 166 Ga. App. 702, 703 (305 SE2d 434) (1983). In order to discredit a witness in this manner, "a certified copy of the record of conviction must be introduced into evidence; absent a waiver of the 'best evidence rule,' no other showing will suffice." *Sapp v. State*, 271 Ga. 446, 448 (520 SE2d 462) (1999). Threlkeld's suspension from the practice of law clearly reflected moral shortcomings; however, it was not the equivalent of a *conviction of a crime* of moral turpitude.

2. During closing argument, Thompson's counsel referred to Threlkeld as a lawyer who had been a member of the bar for 20 years. At the conclusion of the argument, the jury retired. At that point, Mullins moved for a mistrial, positing that Thompson should not be allowed to argue in favor of Threlkeld's credibility (as a member of the bar), since Mullins was not permitted to show that Threlkeld had been suspended from the practice of law. The superior court denied the mistrial motion. We find no error.

[T]he time to object to improper closing argument is when the impropriety occurs at trial. . . . When(, as here,) no timely objection is interposed, the test for reversible error . . . is whether the improper argument in reasonable probability changed the result of the trial.

*Benton v. Chatham County*, 206 Ga. App. 285, 288 (425 SE2d 317) (1992), quoting *Tharpe v. State*, 262 Ga. 110, 114 (16) (416 SE2d 78) (1992). Assuming, without deciding, that the argument of Thompson's counsel was improper, it cannot be said that, in reasonable probability, it changed the result of the trial.

That this Court, and the Court of Appeals, have previously stated that a motion for a mistrial based upon improper closing argument can be made during *or after* argument, see, e.g., *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996); *Williams v. Memorial Med. Center*, 218 Ga. App. 107, 109 (460 SE2d 558) (1995), does not aid Mullins' cause. In *Butler v. State*, 273 Ga. 380, 384 (8) (541 SE2d 653) (2001), a majority of this Court rejected the notion that a motion for mistrial based upon an improper closing argument can be made *after* closing argument, see id. at 386 (concurring opinion), and held, to the contrary, that such a motion must be made *at the time* the improper argument is uttered. *Butler* reached that holding fully and fairly. The dissent is simply wrong when it states that *Butler* was "a stark abandonment of stare decisis"; and that it was rendered in a "cursory" manner.

The dissent's reliance upon the Unified Appeal Procedure to support the proposition that a motion for mistrial based on improper argument can be made after closing argument is also wrong. The UAP states that objections to the state's closing argument must be made "as soon as grounds for such objection arise, unless explicit permission is granted to reserve objection until the conclusion of argument." UAP Rule III A (2) (d), B (2) (d). This rule proves that *Butler* was decided correctly. It requires defense counsel to object to improper argument *during* the argument, unless explicit permission is granted to reserve the objection until after the argument. See generally *State v. Larocque*, 268 Ga. 352 (489 SE2d 806) (1997). The dissent's characterization of this rule as being "different" from the "general rule" is baseless.

*Judgment affirmed. All the Justices concur, except Fletcher, C. J., and Hunstein, J., who dissent.*

CARLEY, Justice, concurring.

I concur in Division 1 of the majority opinion. I can concur in Division 2 and in the judgment only because this Court has *very recently* held that a motion for new trial based upon improper argu-

ment must be made at the time of the alleged improper argument and that a motion made at the conclusion of the argument is not timely. *Butler v. State*, 273 Ga. 380, 384 (8) (541 SE2d 653) (2001).

I am authorized to state that Presiding Justice Sears joins in this opinion.

FLETCHER, Chief Justice, dissenting.

1. Other jurisdictions have long recognized that a lawyer's credibility may be challenged on cross-examination by asking him if he has ever been suspended or disbarred.[1] Because a lawyer's suspension for knowingly making false statements in the representation of clients certainly would tend to discredit the veracity of his testimony at trial,[2] I would follow the majority rule and permit the impeachment of a lawyer in this circumstance.

2. Additionally, I would hold that the argument that Threlkeld was a member of the bar for 20 years was improper in light of the trial court's exclusion of the evidence of his suspension. This Court and the Court of Appeals have previously considered an objection to closing argument waived only if not made "during or after" the argument.[3] This rule recognizes the difficulty of objecting during closing argument and still permits the trial court to take remedial action through appropriate corrective instructions to the jury.[4] Furthermore, the Unified Appeal Procedure adopted by this Court provides that in both phases of death penalty cases, the trial court must advise defense counsel that any objections to the State's closing arguments must be made "as soon as grounds for such objection arise, unless explicit permission is granted to reserve objection until the conclusion of argument." If the general rule were as the majority holds, there would have been no need to specify a different rule in death penalty cases.[5]

Recently this Court did state in *Butler v. State*[6] that an objection

---

[1] *In re Thorman*, 144 N.W. 7, 9 (Iowa 1913); *State v. Pearson*, 120 A.2d 468, 473 (N.J. Super. Ct. App. Div. 1956); *Hyman v. Dworsky*, 267 N.Y.S. 539, 544 (N.Y. App. Div. 1933) ("general rule" permits impeachment by proof of suspension or disbarment); *United States v. Rubenstein*, 151 F.2d 915, 919 (2d Cir. 1945) ("plainly proper" to impeach with proof of suspension or disbarment); see also John W. Strong, *McCormick on Evidence* § 42 (5th ed. 1999).

[2] See *In re Threlkeld*, 262 Ga. 282 (417 SE2d 319) (1992) (In complaints brought by two separate clients, Threlkeld admitted violating Standard 45 (b), which, at the time of the disciplinary proceeding, stated that a lawyer in the representation of a client shall not "knowingly make a false statement of law or fact").

[3] *Miller v. State*, 267 Ga. 92 (2) (475 SE2d 610) (1996); *Isaac v. State*, 263 Ga. 872, 874 (4) (a) (440 SE2d 175) (1994); *Arnold v. State*, 249 Ga. App. 156, 161 n. 20 (545 SE2d 312) (2001); *Robbins v. State*, 243 Ga. App. 21, 24 (532 SE2d 127) (2000).

[4] See *Moore v. State*, 242 Ga. App. 249, 251-252 (529 SE2d 381) (2000) (noting that attorney properly objected following arguments and trial court gave curative instructions).

[5] UAP Rule III A (2) (d), B (2) (d).

[6] 273 Ga. 380, 384 (8) (541 SE2d 653) (2001).

made at the conclusion of the argument was untimely. However, the statement was cursorily made and failed to recognize, distinguish, or overrule our prior cases. The primary case cited in *Butler* involved a failure to make any objection, and thus, the timeliness of the objection was not in issue.[7] The other case cited in *Butler* involved the issue of a continuing objection to testimony,[8] and thus, is inapposite.

Because *Butler* failed to address the conflicting case law or the policy justifications for either rule, the reliance on stare decisis to refuse to consider the issue thoroughly does a disservice to the bench, bar and integrity of this Court. *Butler* itself represents a stark abandonment of stare decisis. The Court should not subscribe to the view that a cursory statement in a more recent case merits the application of stare decisis to avoid a thorough analysis of this state's law.

I am authorized to state that Justice Hunstein joins in this dissent.

DECIDED OCTOBER 1, 2001 —
RECONSIDERATION DENIED OCTOBER 22, 2001.

*Drew, Eckl & Farnham, James M. Poe, Lisa S. Higgins*, for appellant.
*Leonard Danley*, for appellee.

---

[7] *Mullins v. State*, 270 Ga. 450 (511 SE2d 165) (1999).
[8] *Larocque v. State*, 268 Ga. 352, 353 (489 SE2d 806) (1997).