S13A1073. RAI v. REID et al.

(751 SE2d 821)

HINES, Presiding Justice.

The issue which brings the appeal to this Court is whether the limitation period for the claim for pain and suffering in this wrongful death action can be tolled for fraud under OCGA § 9-3-96.[1] The appeal was originally filed in the Court of Appeals; however, that Court was equally divided on this issue and the ultimate disposition of the judgment appealed.[2] Consequently, the Court of Appeals transferred the case to this Court for resolution in accordance with 1983 Ga. Const., Art. VI, Sec. V, Par. V.[3]

The facts stated in the opinions of the Court of Appeals are the following. Sparkle Reid ("victim") and Rajeeve Rai ("Rajeeve"), the son of appellant Chiman Rai ("Rai"), married when their daughter was five months old. Within a month of the wedding, on April 26, 2000, the victim was murdered in their apartment in the presence of the daughter. Rajeeve was at work at the time. The victim's father, Bennet Reid ("Reid") and his wife took custody of the child and later adopted her. Rajeeve abandoned the child, and never challenged the adoption nor the consequent termination of his parental rights.

The crime went into cold case status until 2004 when, while investigating an unrelated matter, police spoke to a woman who said she was present at the murder and identified the hired killers. This information led to Rai's co-conspirators, Evans and Green, and eventually to Rai himself. Rai was convicted of the victim's murder in the Superior Court of Fulton County.

On September 18, 2008, Reid filed a complaint and subsequently an amended complaint for wrongful death as the minor child's next friend and for pain and suffering as administrator of the victim's estate. After a jury trial, the trial court entered judgment on the jury's verdict, awarding $2.5 million to the child on the wrongful death claim and $100,000 to Reid as estate administrator for the victim's pain and suffering. Rai's motion for new trial, as amended, was denied.

---

[1] OCGA § 9-3-96 provides:
    If the defendant or those under whom he claims are guilty of a fraud by which the plaintiff has been debarred or deterred from bringing an action, the period of limitation shall run only from the time of the plaintiff's discovery of the fraud.

[2] The opinion of the Court of Appeals (Case No. A12A2162) was not officially reported.

[3] Ga. Const. 1983, Art. VI, Sec. V, Par. V provides:
    In the event of an equal division of the Judges when sitting as a body, the case shall be immediately transmitted to the Supreme Court.

Rai appealed to the Court of Appeals, and the Court of Appeals divided evenly by a vote of six to six on whether Rai had committed such fraud as would trigger the tolling provisions of OCGA § 9-3-96, and thus, prevent the estate's claim for pain and suffering from being time-barred by the statute of limitation for personal injury actions contained in OCGA § 9-3-33.[4] Judge McFadden, writing for the six judges in favor of affirming the judgment of the trial court in toto, held as to the aforementioned issue that OCGA § 9-3-33 did not bar the estate's pain and suffering claim because Rai committed fraud by which Reid was debarred or deterred from bringing an action. In so doing, Judge McFadden acknowledged this Court's determination in *Shipman v. Horizon Corp.*, 245 Ga. 808 (267 SE2d 244) (1980), that actual fraud which will invoke the tolling provision of OCGA § 9-3-96 arises in two different circumstances: (1) where the actual fraud is the gravamen of the action, and there is tolling until the fraud is discovered or by reasonable diligence should have been discovered and no other independent fraudulent act is required; and (2) where the gravamen of the action is other than actual fraud, in which case a separate independent actual fraud involving moral turpitude which debars and deters the plaintiff from bringing his action must be shown. Id. at 808-809. The McFadden opinion then found that actual fraud was part of the gravamen of Reid's action in that the nature of Rai's murder-for-hire plot was to conceal Rai's identity as the murderer of his daughter-in-law. It also found that the Court of Appeals decision in *Stewart v. Warner*, 257 Ga. App. 322 (571 SE2d 189) (2002) was distinguishable, and therefore, not controlling, and in any event, questioned its soundness.

Judge McMillian, writing for the six judges who would reverse those portions of the trial court's judgment relating to the tolling of the limitation period for the pain and suffering claim, but affirm the remainder of the judgment, determined that the finding that actual fraud is part of the gravamen of Reid's claim for pain and suffering was not supported by the record or the law, and that the claim arises from the act of murder, not from actual fraud or concealment, thereby making the claim one under the second circumstance outlined in *Shipman v. Horizon Corp.*, in which the gravamen of the action is

---

[4] OCGA § 9-3-33 states:

Actions for injuries to the person shall be brought within two years after the right of action accrues, except for injuries to the reputation, which shall be brought within one year after the right of action accrues, and except for actions for injuries to the person involving loss of consortium, which shall be brought within four years after the right of action accrues.

other than actual fraud. Judge McMillian also questioned the reasoning in *Stewart v. Warner*, and advocated that it be overruled. This opinion concluded, albeit reluctantly, that the $100,000 judgment for pain and suffering should be reversed, and that the issue of the tolling for fraud of the claim should not have been submitted to the jury. For the reasons that follow, we agree with much of the position advocated in the writing of Judge McMillian.

1. In *Shipman v. Horizon Corp.*, this Court plainly outlined the two distinct circumstances in which actual fraud will toll the statute of limitation applicable to a cause of action, that is, when the actual fraud is the gravamen of the action, and when it is separate and independent from the action.

Reid argues that Rai's murder-for-hire scheme was an actual fraud that was the gravamen of the complaint and did not need a separate independent fraud in that Rai structured the murder to conceal his identity as well as that of the others involved, and in fact, told Green to deny to police any knowledge of the crime when Green informed him that the police were asking questions. However, as Judge McMillian correctly noted, it is a reasonable inference that no one involved in the murder wanted to be identified and apprehended by police, and most notably the instigator Rai, and that the motivation to get away with the murder does not support a finding of fraudulent concealment or actual fraud in and of itself because a perpetrator's desire not to be identified and caught is present in almost all crimes. Any alleged instruction to cohort Green to stonewall police was but part and parcel of Rai's murder-for-hire plan in which he attempted to insulate himself from detection. Thus, actual fraud is not the gravamen of the wrongful death action.

The issue in *Stewart v. Warner*, the case discussed and criticized by both opinions in the Court of Appeals, was whether the statute of limitation applicable in that case was tolled under OCGA § 9-3-96 by the criminal perpetrators' concealment of their identities. The Warner home was burglarized in January 1993, and their life savings were stolen; although there was investigation of the crime by authorities as well as the Warners, there was not a lead until September 1998 when an informant related that in 1997, a man, who had been a suspect from the beginning, had admitted to the informant that he and two other men had perpetrated the burglary; in December 1999, the Warners filed suit against the three men to recover for the theft, and in response, the defendants asserted that the action was barred by the applicable four-year statute of limitation; the informant testified at trial that she had not earlier told anyone about the admission of the burglary because the defendants had threatened to burn her house down if she did so; the jury found that the defendants'

fraud tolled the statute of limitation and awarded damages, upon which judgment was entered. On appeal, the Court of Appeals determined that the defendants' concealment of their identities as the burglars, by making threats against those to whom they had admitted their guilt or by denying their involvement to others, did not constitute fraudulent concealment so as to invoke OCGA § 9-3-96, and avoid the bar of the statute of limitation. *Stewart v. Warner*, supra at 323. In so doing, that Court cited, inter alia, *Jim Walter Corp. v. Ward*, 245 Ga. 355 (265 SE2d 7) (1980), for the proposition that "to establish tolling under OCGA § 9-3-96, plaintiffs must prove that defendants engaged in a species of fraud that concealed *'the existence of a cause of action.'*" (Emphasis supplied.) Both opinions in the Court of Appeals were critical of such language, with one opinion advocating tracking the language of OCGA § 9-3-96, and the other advancing a seemingly more expansive interpretation of the object of the fraudulent concealment, that is, any information which "would deter or debar a plaintiff from his action." But, these suggested distinctions are without a real difference, both as a matter of law and as a matter of fact in this case. The language at issue in *Stewart v. Warner*, correctly reflects that of this Court in *Jim Walter Corp. v. Ward*, in which it is plain that the reference to "existence" of the cause of action in the context of OCGA § 9-3-96, means that which conceals a wrong done to a would-be plaintiff so as to deter or debar the would-be plaintiff from his or her cause of action, i.e., prevent it from being pursued, and therefore, coming into existence. *Jim Walter Corp. v. Ward*, supra at 357. Thus, under some circumstances this might include active concealment of the identity of the wrongdoer. Here though as noted, the very nature of the murder-for-hire insulated Rai, but there was no evidence of particularized conduct involving actual fraud outside the internal efforts of the participants to remain silent and undetected.[5]

As Judge McMillian found, this case falls under the second *Shipman* circumstance in which the gravamen of the action is other than actual fraud. But, the claim fails under this analysis as well. There is no evidence of a separate independent actual fraud involving moral turpitude which hindered Reid from bringing his action. Even accepting that Rai did tell his cohort Green to deny knowledge of the crime, again this was just part of the collaborative effort of the murder-for-hire participants to protect each other from getting

---

[5] Inasmuch as the asserted circumstances of attempted concealment in the case at bar are readily distinguishable from the facts in *Stewart v. Warner*, it is unnecessary for this Court to address the propriety of the result reached by the Court of Appeals in that case.

caught. It was not an affirmative act involving moral turpitude distinct from the murder conspiracy. So, OCGA § 9-3-96 fails to provide relief from the time bar on that basis as well. *Shipman v. Horizon Corp.*, supra at 808-809.

Simply, Reid's claim on behalf of the estate for pain and suffering was time-barred as outside the two-year statute of limitation for personal injury actions under OCGA § 9-3-33, as the running of the limitation period was not tolled for fraud by OCGA § 9-3-96. For this reason, it was error for the trial court to permit Reid's claim for pain and suffering to be submitted to the jury, and consequently, the judgment in favor of Reid on such claim must be reversed.

2. As to the wrongful death judgment, Rai contends that this too must be reversed; indeed, he maintains that he should have been granted summary judgment or a directed verdict on the wrongful death claim because it was also barred by the two-year personal injury statute of limitation contained in OCGA § 9-3-33. He takes issue with the trial court, after expiration of the statute of limitation, transferring the cause of action from the victim's surviving spouse, Rai's son, to Rai's minor grandchild and finding tolling of the statute of limitation based upon the grandchild's minority pursuant to OCGA § 9-3-90 (a).[6] Rai further urges that the trial court erred in instructing the jury that it could not consider his statute of limitation defense to the wrongful death claim; that this jury charge and the trial court's deciding of disputed issues of material fact on motion for summary judgment relating to Rai's son's abandonment of the minor child combined to deprive him of a statute of limitation defense; and that Reid had failed to use due diligence to bring the case within the statute of limitation, resulting in the case being time-barred prior to the equitable transfer to the minor. But, Rai's complaints about the wrongful death claim are unavailing.

OCGA § 51-4-2 (a) provides: "The surviving spouse or, if there is no surviving spouse, a child or children, either minor or sui juris, may recover for the homicide of the spouse or parent the full value of the life of the decedent, as shown by the evidence."

However, the superior court has the equitable power to permit prosecution of the minor child's claim in order to protect the child's

---

[6] OCGA § 9-3-90 (a) provides:
> Minors and persons who are legally incompetent because of mental retardation or mental illness, who are such when the cause of action accrues, shall be entitled to the same time after their disability is removed to bring an action as is prescribed for other persons.

interests when the surviving spouse refuses to do so. *Brown v. Liberty Oil & Refining Corp.*, 261 Ga. 214, 215 (2) (403 SE2d 806) (1991). Indeed,

> [t]he wrongful death statute gives the minor child a cause of action for damages for the alleged wrongful death of her mother. Although the statute says the deceased's surviving spouse must bring the action, both this Court and the Court of Appeals have allowed other persons acting in a representative capacity to maintain a wrongful death action on behalf of a minor child where the surviving spouse declines to pursue the claim.

*Blackmon v. Tenet Healthsystem Spalding*, 284 Ga. 369, 370-371 (667 SE2d 348) (2008). The trial court found that since the victim's murder in 2000, Rai's son had little meaningful contact with the child; that the son's parental rights had been terminated, and that he did not challenge the child's adoption. As for Rai's underlying assumption that the statute of limitation had run before the child's abandonment by her father, the trial court did not find that to be the case. And, as the trial court was exercising its equitable authority, it had the right to make factual findings without the intervention of the jury. *Page v. Wheale*, 259 Ga. 597, 598 (2) (385 SE2d 402) (1989). There is likewise no merit to Rai's further assertion that tolling of the statute of limitation did not begin until the trial court's formal transfer of the cause of action. *Blackmon v. Tenet Healthsystem Spalding*, supra at 371.

For these reasons, it was not error for the trial court to refuse to allow the jury to consider the statute of limitation defense as to the wrongful death claim.

3. Finally, Rai contends that the trial court erred in permitting the plaintiff to read into the record the testimony of Evans and Green from Rai's criminal trial because he maintains that the provisions of former OCGA § 24-3-10[7] did not apply as the plaintiff never made an effort to produce these out-of-state witnesses. He further complains that allowing the testimony denied him the right to cross-examine the witnesses. However, such complaints have no merit.

---

[7] Former OCGA § 24-3-10 provided:

> The testimony of a witness since deceased, disqualified, or inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies.

The exception to the hearsay rule contained in former OCGA § 24-3-10 required that the proponent show that the declarant was unavailable to be a witness at trial; that the testimony at issue was under oath at a hearing or other proceeding; and that both the parties and the issues were substantially similar. *Pope v. Fields*, 273 Ga. 6, 7-8 (1) (536 SE2d 740) (2000). In fact, the requirement of substantial similarity is specifically " 'to insure that the party against whom the testimony is now offered had an opportunity adequately to cross-examine the witness at the previous proceeding.' " Id. at 8 (1). And, this requirement is satisfied "if the party against whom the former testimony is offered is the same and the previous proceeding provided an adequate opportunity for cross-examination." Id.

The prerequisites for use of former OCGA § 24-3-10 were met in this case. An out-of-state witness is deemed unavailable for purposes of admitting the witness's prior testimony. *Bragg v. State*, 279 Ga. 156, 157 (2) (611 SE2d 17) (2005). Rai acknowledges that both Evans and Green were in Mississippi at the time in question; therefore, they were unavailable for purposes of former OCGA § 24-3-10. Further, the party against whom the witnesses' testimony was being offered was the same in both proceedings — Rai. As to Rai's complaint about cross-examination, the obvious primary purpose of the testimony in the civil action was to show that Rai participated in his daughter-in-law's murder, which was the issue in the criminal trial, and Rai has made no showing that he was denied a full and fair opportunity to cross-examine the witnesses during the criminal proceeding.

In summary, that portion of the final judgment entered on the jury's verdict against Rai and in favor of Reid, as administrator of the victim's estate, for pain and suffering must be reversed, but the remainder of the final judgment entered on the jury's verdict for wrongful death against Rai and in favor of Reid, as next friend of the victim's minor child, stands.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED NOVEMBER 25, 2013.

*William G. Quinn III*, for appellant.
*Chaiken Klorfein, Fredric Chaiken, Jonathan R. Brockman, Thomas D. Harper, Billing, Cochran, Lyles, Mauro & Ramsey, Donna M. Krusbe*, for appellee.