**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN, and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**November 29, 2023**

# In the Court of Appeals of Georgia

A23A1266. MARQUES v. JP MORGAN CHASE BANK, N.A. et al.

MCFADDEN, Presiding Judge.

Antoinette Marques appeals the order dismissing her complaint against JP Morgan Chase Bank, N.A., Federal National Mortgage Association ("Fannie Mae"), and Long Tang. We hold that the trial court erred in dismissing Marques's wrongful foreclosure claim based on Chase's alleged failure to send a foreclosure notice in compliance with the requirements of OCGA § 44-14-162.2, and we reverse the dismissal of that claim. We affirm the trial court's order in all other respects.

1. *Standard of review, Marques's allegations, and procedural posture*

The trial court dismissed the claims against Tang for insufficient service of

process. The court dismissed the claims against Chase and Fannie Mae for failure to state a claim upon which relief may be granted.

"When reviewing a ruling on a motion to dismiss for insufficient service, a trial court's ruling will be upheld on appeal absent a showing of an abuse of discretion." *Henderson v. James*, 350 Ga. App. 361 (829 SE2d 429) (2019) (citation and punctuation omitted). When "reviewing an order on a motion to dismiss [for failure to state a claim upon which relief may be granted, we are] required to take the allegations in the complaint as true and resolve all doubts in favor of the plaintiff." *Wise Business Forms v. Forsyth County*, __ Ga. __, __ (2) (__ SE2d __) (2) (Case No. S22G0874, decided September 19, 2023) (citation and punctuation omitted). Additionally, "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." OCGA § 9-11-10 (c). So "[i]n assessing whether a claim should be dismissed [under OCGA § 9-11-12 (b) (6)], a court may consider exhibits attached to and incorporated into the complaint and answer." *Love v. Fulton County Bd. of Tax Assessors*, 311 Ga. 682, 683 (859 SE2d 33) (2021).

> Under OCGA § 9-11-12 (b) (6), a motion to dismiss for failure to state a claim upon which relief can be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable

facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought.

*Racette v. Bank of America*, 318 Ga. App. 171, 171-172 (733 SE2d 457) (2012) (citation and punctuation omitted).

So viewed, Marques alleged the following. Washington Mutual held a security deed on Marques's property, which it assigned to Chase. Chase foreclosed in January 2020 without first having sent Marques notice of the initiation of foreclosure proceedings by registered or certified mail as required by OCGA § 44-14-162.2.

Chase purchased the property at the foreclosure sale and recorded a deed under power that, according to Marques, contained false statements, including that Chase was a lender; that notice had been given in compliance with OCGA § 44-14-162.2; and that Marques was in default.

Chase transferred title to Fannie Mae, which in turn transferred title to Tang. Tang pursued dispossessory proceedings against Marques. The defendants' actions caused Marques and her family emotional distress.

Marques alleged that the defendants engaged in a pattern of unfair or deceptive acts and practices in violation of the Uniform Deceptive Trade Practices Act, OCGA

§§ 10-1-370 et seq., and the Fair Business Practices Act, OCGA §§ 10-1-390 et seq. She alleged that those acts and practices included Chase failing to provide notice of the foreclosure sale, selling the property while litigation was pending, denying Marques mitigation options, and filing the deed under power containing false information; Fannie Mae registering as a foreign company with the Georgia Secretary of State, failing to maintain a registered agent in Georgia, failing to respond to Marques's letter requesting proof of the foreclosure, immediately moving to evict her after the foreclosure during the beginning stages of the COVID-19 pandemic, and substituting Tang as a plaintiff in the dispossessory action; and Tang demanding above-market rent, asking for rent for a month that preceded the point he was substituted as a plaintiff in the dispossessory proceeding, violating the rules of evidence in the magistrate court; and failing to provide Marques with notice of the order granting a writ of possession as well as the sheriff's pending removal of her and her property from the premises.

Marques alleged that the defendants violated her privacy, Tang by having Marques and her family forcibly removed from the property, by ringing the doorbell to announce he was the new owner while the case was in litigation, and by claiming in the dispossessory warrant that Marques owed rent for April 2022, when he had not

4

then been substituted as a plaintiff and he had not requested such rent; Chase by publishing documents that falsely stated that Marques was in default; and Fannie Mae by implying that she was not paying rent.

Marques filed suit against the defendants alleging claims for wrongful foreclosure; slander of title; 78 negligent and intentional infliction of emotional distress; violations of the Uniform Deceptive Trade Practices Act and the Fair Business Practices Act; and invasion of privacy. Among other things, Marques sought to set aside the foreclosure and damages.

Tang moved to dismiss the complaint on the ground of insufficiency of service of process, among other grounds. Chase and Fannie Mae jointly moved to dismiss Marques's complaint under OCGA § 9-11-12 (b) (6) for failing to state a claim.

The trial court granted the defendants' motions to dismiss. The court dismissed without prejudice Marques's claims against Tang for failure of service. The court dismissed Marques's claims against Chase and Fannie Mae with prejudice for failure to state a claim. Marques filed this appeal.

2. *Failure to serve Tang*

Marques argues that the trial court erred in dismissing her claims against Tang for failure to serve Tang in accordance with OCGA § 9-11-4 because Tang

5

acknowledged service by filing a motion to dismiss; because she served the attorney representing Tang in another case involving Tang and Marques; and because Tang was served the notice of appeal. None of those actions amounts to service of process under OCGA § 9-11-4. So the trial court did not err, and we affirm the dismissal of Tang. See *Abba Gana v. Abba Gana*, 251 Ga. 340, 345 (2) (304 SE2d 909) (1983) ("an interested party's actual knowledge of pending proceedings is of no consequence unless he was legally served or waived service"); *Gould v. Latorre*, 227 Ga. App. 32, 33 (1) (b) (488 SE2d 116) (1997) (delivery of complaint to defendant's attorney was insufficient; where personal service is required, service on individual's attorney usually is not permitted, particularly when involving service of the very complaint that initiates suit).

3. *Failure to state a claim*

(a) *Wrongful foreclosure*

Marques asserted a wrongful foreclosure claim only against Chase. She alleged that Chase's foreclosure was wrongful because Chase did not hold the note or security deed and because Chase did not comply with the foreclosure notice requirements of OCGA § 44-14-162.2.

(i) *Ownership of the note and security deed*

6

The trial court dismissed the wrongful foreclosure claim to the extent it was based on the allegation that Chase did not validly hold the note and deed on the ground that it was barred by res judicata: in a previous proceeding, the trial court had determined that Chase was the valid holder of the security deed; and the United States District Court for the Northern District of Georgia also had established that Chase was the valid holder and that Marques had defaulted on the debt.

Marques argues that res judicata does not apply because the prior cases decided against her were not decided on the merits, but because of her failure to meet deadlines. "Ordinarily the facts necessary to establish the defense of res judicata must be developed upon the trial, but a complaint may be dismissed where it appears that a former adjudication has conclusively foreclosed any issue for trial." *Miller v. Columbus*, 229 Ga. 234, 235-236 (1) (190 SE2d 535) (1972) (citations omitted). And "it is only where the merits were not *and* could not have been determined under a proper presentation and management of the case that res judicata is not a viable defense. If, pursuant to an appropriate handling of the case, the merits were or could have been determined, then the defense is valid." *Piedmont Cotton Mills v. Woelper*, 269 Ga. 109, 110 (498 SE2d 255) (1998) (emphasis in original). Such is the case here. Marques has not shown that the trial court erred in applying res judicata.

7

And to the extent Marques bases her wrongful foreclosure claim on the allegation that Chase did not hold the note, which was not explicitly addressed in the prior rulings, she has failed to state a claim. "Under current Georgia law, the holder of a deed to secure debt is authorized to exercise the power of sale in accordance with the terms of the deed even if it does not also hold the note or otherwise have any beneficial interest in the debt obligation underlying the deed." *You v. JP Morgan Chase Bank*, 293 Ga. 67, 74 (1) (743 SE2d 428) (2013).

So the trial court did not err in dismissing Marques's wrongful foreclosure claim against Chase to the extent it was based on the allegation that Chase did not validly hold the note and deed.

(ii) *OCGA § 44-14-162.2*

Marques argues that, contrary to the trial court's ruling, the attachments to the pleadings do not show that foreclosure notice was sent in accordance with the requirements of OCGA § 44-14-162.2. We agree.

That Code section requires that:

[n]otice of the initiation of proceedings to exercise a power of sale in a mortgage, security deed, or other lien contract . . . be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure. Such notice . . . shall be sent by registered or

8

certified mail or statutory overnight delivery, return receipt requested, to the property address or to such other address as the debtor may designate by written notice to the secured creditor.

OCGA § 44-14-162.2 (a). A non-judicial foreclosure sale is invalid "unless notice of the sale shall have been given as required by Code Section 44-14-162.2." OCGA § 44-14-162 (a). "When plaintiffs allege that the statutory requirements of OCGA § 44-14-162.2 have not been followed, they have asserted a claim for wrongful foreclosure." *Bazemore v. U.S. Bank Nat. Assn*. 363 Ga. App. 723, 726 (a) (872 SE2d 491) (2022). Such is the case here.

The trial court held that Marques's allegations failed to state a claim because attachments to the complaint, the amended complaint, and the answers showed the notice of foreclosure was sent in compliance with OCGA § 44-14-162.2. Although the attachments include a copy of a notice-of-foreclosure letter addressed to Marques at the property address with a tracking number, the attachments do not include a delivery receipt or an affidavit or anything else showing that the letter was, in fact, sent. See *Rawleigh Med. Co. v. Burney*, 25 Ga. App. 20 (102 SE 358) (1920) ("the evidence wholly failed to establish affirmatively the essential fact that the letter

9

alleged to have been written and mailed by the defendant to the plaintiff was deposited in any post office or United States postal mail-box, or entrusted to any United States mail-collector").

And Marques points to an exhibit attached to her complaint, a screen shot of what appears to be the tracking history for the tracking number printed on the foreclosure documents, which purports to show that the documents were not delivered to the post office and thus not sent. Chase points to an exhibit, a February 17, 2020 letter in which Marques admitted to having received notice of foreclosure. But that letter does not conclusively establish that notice was sent 30 days before the January 7, 2020 foreclosure as required by OCGA § 44-14-162.2 (a).

Chase also argues that Marques must demonstrate that lack of notice of the foreclosure caused her injuries and that any damages were caused by Marques's default, not a lack of notice. Although Marques ultimately will have the burden of presenting evidence to support her claims, she is not required to do so at the motion to dismiss stage. "When presented with a motion to dismiss for failure to state a claim, a court must examine the sufficiency of the *pleadings*. . . . [I]f, within the framework of the complaint, *evidence may be introduced* which will sustain a grant of relief to the plaintiff, the complaint is sufficient." *Williams v. DeKalb County*, 308

Ga. 265, 268 (1) n. 6 (840 SE2d 423) (2020) (citations and punctuation omitted; emphasis in original).

Given the standard by which we judge her complaint, we find that "it is possible that [Marques] could later establish facts which demonstrate a failure to comply with OCGA § 44-14-162.2 [and that such failure caused Marques's injuries]. Accordingly, because it is possible [Marques] may introduce evidence which would sustain a claim for wrongful foreclosure as pled, the trial court erred in dismissing this claim." *Bazemore*, 363 Ga. App. at 727 (a).

So we reverse the order dismissing the wrongful foreclosure claim for failing to state a claim to the extent it was based on allegations that Chase failed to comply with OCGA § 44-14-162.2.

(b) *Slander of title*

Marques asserted a claim for slander of title based on allegations that the deed under power falsely and maliciously stated that Chase was a lender, that foreclosure notice had been given in compliance with OCGA § 44-14-162.2, and that Marques was in default.

The trial court ruled that Marques failed to state a claim of slander of title for two alternative reasons: 1) because Marques was not the title owner and therefore

11

lacked standing under OCGA § 51-9-11 ("The owner of any estate in lands may bring an action for libelous or slanderous words which falsely *and* maliciously impugn his title if any damage accrues to him therefrom.") (emphasis supplied); and 2) because the allegedly slanderous statements are not both false and malicious.

In her brief on appeal, Marques does not challenge the trial court's dismissal on the basis that the statements at issue are not both false *and* malicious. "Grounds that are not attacked as erroneous will not be considered on appeal and are presumed to be binding and correct. An appellant's failure to attack alternative bases for a judgment results in the affirmance of that judgment." *Brown v. Fokes Properties. 2002*, 283 Ga. 231, 233 (2) (657 SE2d 820) (2008) (citation and punctuation omitted).

(c) *Negligent and intentional infliction of emotional distress*

The trial court held that Marques failed to state a claim for emotional distress, because the conduct she alleged against Chase and Fannie Mae was not so extreme as to fall outside the bounds of decency. We agree.

Marques alleged in support of her claim that the foreclosure occurred during the beginning stages of the COVID-19 pandemic and that Fannie Mae proceeded while aware that Chase had wrongfully foreclosed. Marques's allegations "cannot be described as extreme, outrageous, atrocious, intolerable or beyond the bounds of

12

decency. It follows that the trial court committed no error in dismissing [her] claim for intentional infliction of emotional distress." *Racette*, 318 Ga. App. at 179-180 (3) (citations and punctuation omitted). See also *Thompson-El v. Bank of America*, 327 Ga. App. 309, 313 (3) (759 SE2d 49) (2014) (affirming dismissal of plaintiff's claim for intentional infliction of emotional distress based upon bank's foreclosure, allegedly without her knowledge, and subsequent attempts to remove her from the property).

(d) *Violation of the Fair Business Practices Act, OCGA § 10-1-390 et seq. and Uniform Deceptive Practices Act, OCGA § 10-1-370 et seq.*

The trial court dismissed Marques's claim for violation of the Fair Business Practices Act, OCGA § 10-1-390 et seq., on the ground that the Act does not apply to residential mortgage transactions. We agree. And for the same reason, we affirm the dismissal of Marques's claim under the Uniform Deceptive Practices Act, OCGA § 10-1-370 et seq.

The Fair Business Practices Act prohibits "[u]nfair or deceptive acts or practices in the conduct of consumer transactions and consumer acts or practices in trade or commerce." OCGA § 10-1-393 (a).

13

Exempted from its scope, however, are "[a]ctions or transactions specifically authorized under laws administered by or rules and regulations promulgated by any regulatory agency of this state or the United States." OCGA § 10-1-396 (1). And because residential mortgage transactions are regulated by both state and federal law, the [Act] does not apply.

*James v. Bank of America*, 332 Ga. App. 365, 369 (4) (772 SE2d 812) (2015) (physical precedent only). See also *Stewart v. SunTrust Mtg*, 331 Ga. App. 635, 639-640 (5) (770 SE2d 892) (2015). For the same reason, Marques's claim under the Uniform Deceptive Trade Practices Act, OCGA § 10-1-370 et seq., fails. OCGA § 10-1-374 (a) (1). See *Jackman v. Hasty*, 2011 U.S. Dist. LEXIS 23628, at *17 (III) (B) (iii) (b), Case No. 1:10-CV-2485-RWS, (N.D. Ga. Mar. 8, 2011).

(e) *Invasion of privacy*

The court held that Marques's claims for invasion of privacy against Chase and Fannie Mae were barred by the running of the statute of limitation. In her brief, Marques does not argue otherwise. In her reply brief, she argues that the COVID-19 pandemic tolled the statute of limitation. We disagree.

Marques did not file her complaint until August 1, 2022, and her amended complaint (in which she first alleged invasion of privacy) until November 3, 2022,

well after the statute of limitation had run, even accounting for the tolling period afforded by the Supreme Court of Georgia during the COVID-19 pandemic. That tolling period ended on July 14, 2020. See generally *Leggat v. Navicent Health*, __ Ga. App. __ (__ SE2d __) (Case No. A23A0631, decided Oct. 2, 2023).

Marques also argues in her reply brief that fraud tolled the statute of limitation, but she has not alleged the kind of fraud that tolls a statute of limitation, instead arguing only that she did not learn of the foreclosure until after the statute had run. See generally *Rai v. Reid*, 294 Ga. 270, 272-274 (1) (751 SE2d 821) (2013). So she has not shown that the trial court erred in dismissing this claim. *Mark A. Schneider Revocable Trust v. Hardy*, 362 Ga. App. 149, 150 (1) (867 SE2d 153) (2021) ("A statute of limitation defense goes to the merits of the claim, and is therefore subject to a motion to dismiss under OCGA § 9-11-12 (b) (6).") (citations and punctuation omitted).

*Judgment affirmed in part and reversed in part. Brown and Markle, JJ., concur*.

15